## LIABILITY OF LANDLORD FOR ACCIDENT IN AN OUTBUILDING.

[Circuit Court of Richland County.]

AMANDA EDWARDS V. PETER RISSLER AND WILLIAM STOODT.*

Decided, January Term, 1902.

*Landlord and Tenant—Dangerous Premises—Defects Inherent in Original Construction—Nuisance—Owner Liable, When—Liable Under an Agreement to Keep Premises in Repair, When—Buildings Appurtenant to Main Building Demised—Liability of Owner for, When—And to One Rightfully on the Premises, When.*

1. A landlord, who leases premises with an existing nuisance thereon at the time of leasing, resulting from defects inherent in its original construction, and this occasions injury to a third person, is responsible therefor.

2. Where the defect in the leased premises, rendering them dangerous, occurs after the demise, and the lessor, by virtue of the lease, covenants to keep such premises in repair, and retains or reserves the right to enter for that purpose, he is liable for injuries to third persons, occasioned by the property becoming out of repair and dangerous.

3. A landlord is charged with the duty of keeping in repair and free from danger an outbuilding, appurtenant to the demised premises, constructed and maintained by him for the accommodation and use in common of his tenants, where he has control of such outbuilding, subject only to the tenants' right to use the same as an outbuilding.

4. The owners of a business block, used for public offices, store-rooms, and the like, with an outbuilding and privy vault appurtenant thereto, for the accommodation and use in common of their tenants and other persons rightfully about said building, who retain general control over said outbuilding and vault, and agree with their tenants that they, the owners, shall keep the same in repair, and they retain or reserve the right to enter for that purpose, are liable for substantial injuries occasioned by said outbuilding becoming out of repair and dangerous to one in attendance as a witness at a trial being conducted in one of the rooms of said building, leased by said owners to a justice of the peace, for the purpose of conducting the business pertaining to his office.

*Affirmed by Supreme Court, January 19, 1904, without report (69 O. St., 572).

Error to the Common Pleas Court of Richland County.

On the 21st day of June, 1900, the plaintiff in error, Amanda Edwards, plaintiff below, filed her second amended petition in the Court of Common Pleas of Richland County, Ohio, against Peter Rissler and William Stoodt as defendants, and for a cause of action alleged in substance that the defendants, Rissler and Stoodt, at the time of the happening of the grievances complained of, were the owners of a certain brick building, situated at the corner of Main street and Plumb alley, in the city of Mansfield, said county; that the building on said premises was used for the purpose of public offices, storerooms and the like, and no part of it was used for private homes or living rooms; that it was understood and agreed between the owners and their tenants that the owners should have general control of said building, with the right to enter the same at any time for the purpose of making repairs; that it was, by agreement, the duty of the defendants to build, maintain and keep in repair all out-buildings that were appurtenant to the main building that was so owned by defendants and leased to their tenants. At the rear of said building and appurtenant thereto there was, at the time of the happening of the grievances complained of, a large privy vault built by defendants on said premises, and built for the accommodation and use in common of their tenants and other persons who were or might be in or legitimately about said building, and said privy was one of the outbuildings on said lot under the absolute control and care of defendants. Said privy vault, as to size, mode of construction, etc., is fully and minutely described in the petition, with the further averment that its original plan and construction were faulty, unsafe and dangerous, describing wherein its faulty construction and dangerous character consisted. That this dangerous and unsafe condition of said outbuilding and vault was, at the time of the happening of the injuries to the plaintiff complained of, and for a long time prior thereto, well known to the defendants; that, on account of its unsafe condition and the defendants' knowledge of the same, they had, or could have had, reasonable grounds to apprehend that persons using said outbuilding would be in great danger of injury therefrom.

The petition further states that one Marcus McDermott was, on the 18th day of July, 1899, the date the injury complained of occurred, a duly elected, qualified and acting justice of the peace in and for Madison township, Richland county, Ohio; that on or about May 1, 1899, said Marcus McDermott became a tenant of said defendants in said building, and has so continued to the present time, he having leased a room therein for the purpose of conducting the business pertaining to his office as such justice of the peace, said lease being upon the terms and conditions as to repairs hereinbefore averred as common to all the tenants in said building. That defendants well knew the purpose for which said McDermott rented said room, and knew that many persons, as litigants and witnesses, would of necessity frequent said room, and, in the nature of things, have to use said outbuilding. That although defendants well knew of the unsafe condition of said outbuilding at the time of renting said room to said McDermott, they willfully, wrongfully and negligently failed to apprise him of its true condition, and led him to believe it was safe for him, and the patrons and others, frequenters of his office, to use said outbuilding.

Plaintiff further avers, that on the occasion when she received her injuries therein complained of, she was subpœnaed as a witness to attend a trial at the office of said justice; that her attendance was a forced attendance, not voluntary on her part, and that while so attending said trial, having occasion to use said outbuilding, and without any knowledge upon her part as to its unsafe condition, she received the injury complained of in her petition, to her damage in the sum of $4,000, for which she prayed judgment.

The defendants demurred to plaintiff's said petition on the ground that it does not state facts sufficient to constitute a cause of action. The court of common pleas sustained the demurrer. Judgment was rendered against plaintiff for the costs in the case; to which ruling of the court the plaintiff at the time excepted. Petition in error was filed in this court to reverse said judgment.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

The amended petition and demurrer involve questions relating to the liability of landlord and tenant, lessor and lessee, where a third person, while rightfully upon the leased premises, has been injured in consequence of the unsafe, dangerous and defective condition of said premises. It is alleged that Peter Rissler and William Stoodt were the owners of a brick building in the city of Mansfield, Ohio, which they had leased to certain tenants, among whom was one Marcus McDermott, a justice of the peace, who kept his office in one of the rooms in said building, and was in possession of and using the same as such justice in conducting· the business incident to such office. That at the rear of said building, and appurtenant to the main building there was a large privy vault for the use and accommodation in common of the tenants and other persons who might have occasion to use the same when rightfully upon said premises. Said privy vault is described as being about six or eight feet square and about ten feet in depth. That the floor thereof, on account of the long usage and faulty construction, was, at the time the same was leased to tenants, including said McDermott, unsafe, dangerous and wholly unfit for use.

The petition further states that at the time said premises were leased, and during the term of the leases, said outbuilding and vault were under the exclusive control of the owners of said building, and, by the terms of renting or leasing, said outbuilding and vault were to be maintained and kept in repair by the owners for the use of their tenants and their patrons. That the plaintiff, while attending a public trial before said justice of the peace, under a subpœna as a witness, had occassion to use a privy, and without knowledge of the unsafe condition of said outbuilding and privy vault entered the ·same, and on account of its decayed and unsafe condition, the floor, without fault or negligence on her part, gave way and she was precipitated into said privy vault and was injured.

These conditions being alleged in the amended petition and admitted by the demurrer, the question is: Are the owners liable upon the statements made in the amended petition?

It is apparent at once that there was no contractual relationship between the plaintiff in error and the defendants in error, and it is not contended that the right to recover is based on that relationship.   It is contended by plaintiff in error that the defendants in error, as owners of said premises, owed her a duty to keep the same free from dangerous defects, and that such duty was created from the fact that said owners had control of that part of the premises where the accident occurred, and that, by the terms of leasing to the various tenants, said owners had undertaken to keep said premises in repair.   On the other hand it is contended by the defendants in error, the owners, that liability in such cases depends entirely on the question as to who invited the injured party on the premises; and that there is no implied warranty on the part of the owners to a guest, customer of the tenant, or one rightfully on said premises, that such premises are in a safe condition; that if an injury occurs on the premises then the injured person must look for redress to the person who invited him into such dangerous place.

Liability of the owner or landlord to persons rightfully on the premises arises in two ways:

First.  Where, at the time of leasing, the property is in an unsafe or defective condition resulting from construction, or is in such want of repair as to be a nuisance, and the owner receives rent for their use, the owner is liable to persons rightfully on the premises for injuries happening in consequence of such defective and unsafe condition, because the nuisance on or defective and unsafe condition of the premises was occasioned by the owner, and he is held responsible to such persons rightfully on the premises even after the lease of such premises to a tenant.   The erector or maintainer of a nuisance can not relieve himself from liability to such persons by assigning over, and more especially where he grants over and receives rent and recompense for the use of such premises, and he continues to permit the property to remain a nuisance or in such unsafe and dangerous condition.   The principle upon which his liability is based is, that control is the criterion of responsibility, for control means that power which occasions and which

can prevent.  The nuisance having been created, that is, allowed to originate, by the owner, manifestly he should be responsible for its consequences.  If the defect is inherent in the original construction, and that occasions the injury, then the owner, or landlord, is responsible for injuries to persons rightfully on the premises.

Second.  Where the owner, at the time of leasing the premises, assumed and agreed to maintain and keep in repair the demised premises, and was in the exclusive, immediate and absolute charge and control of such premises, the owner is liable to such persons rightfully on the premises.  But when the nuisance or unsafe and dangerous condition of the premises arises after the demise, in absence of an agreement to repair by the owner and where the owner does not retain control over said premises, the tenant would be responsible and not the landlord.  The principle of liability ordinarily applies only to persons in possession and having control either as owner or tenant.

The cases of *Burdick* v. *Cheadle*, 26 O. S., 393, and *Shindlebeck* v. *Moon*, 32 O. S., 264, have been cited by counsel for the defendants in error as applicable to this case.  In those cases the tenant himself had possession of and control over the property.  They were not cases where the landlord had retained possession of the premises and where he exercised control over them as he saw fit, as is alleged in the amended petition in this case, and the Supreme Court recognized the principle in those cases, that where the landlord is in possession of the premises, or of a portion of them, and exercised control over them, he is liable for negligence as the general owner of such property regardless of the lease.  And the court say, in *Burdick* v. *Cheadle, supra*, at page 396, after discussing the maxim, *sic utere tuo alienum laedas*:

"This principle ordinarily applies only to persons in possession, and having control of the property, either as owners or tenants.  But in case a landlord undertakes with his tenant to keep the premises in repair, having thus reserved the control to the extent necessary for making repairs, his duty to the public in relation to the property is not affected by the lease, and he remains responsible, under the doctrine of the above maxim, for defects arising from the want of repairs during the continuance of the lease."

And on page 397 the court say:

"The general rule of law undoubtedly is, that persons who claim damages on the account that they were invited into a dangerous place, in which they received injuries, must seek their remedy against the person who invited them. There is nothing in the relation of landlord and tenant which changes this rule."

And in the case of *Shindlebeck* v. *Moon, supra,* the first paragraph of the syllabus is as follows:

"A landlord who has demised property, parting with possession and control thereof to a tenant in occupation, is not responsible for injuries arising from defective condition of such premises, when that defect arises during the continuance of the lease."

And on page 267 the court say:

"The principle which runs through cases, determining the responsibility of the one or the other, may be thus defined: Whoever had control of the premises at the time the cause of injury originated, that person is liable in damages, which simply means that the party in fault must respond."

And on page 275 the court say, after discussing the case of *Burdick* v. *Cheadle, supra,* and other cases:

"The rule, therefore, deducible from the authorities, and which is applicable to the case in hand, is this: A landlord, who is out of possession of the premises, by virtue of a demise, and who has no control over them; who would not have the right to enter therein, even to make repairs, without his tenant's consent, is not liable for accidents occasioned by the fact that the property is temporarily out of repair."

The Superior Court of Cincinnati at General Term, in *Dorse* v. *Fisher,* 19 W. L. Bull., 106, in the first paragraph of the syllabus, say:

"A landlord is charged with the duty of keeping in repair and free from danger a common passage-way for a number of his tenants, where he has control of the passage-way, subject only to the tenants' right to use the same as a passage-way."

In that case the defendant was the owner of a tenement house in the city of Cincinnati, in which he had fifty-two tenants,

among whom were the plaintiff, his wife and two sons. In the yard back of the house was a privy for the use of the tenants of the house. The landlord desiring to improve his property contracted for the erection of a second large tenement house in the yard. The cellar of the new building extended some little distance under the privy, which required the removal of the privy and the vault some three or four feet. By reason of removal from its former position, the wall of the vault had given way under one of the doors and a large hole was made by the caving in of the earth adjacent to the wall. There was evidence that the defendant, the owner, knew of the dangerous condition of the approach to the privy for some days preceding the accident. The plaintiff, going out to the privy at night, in attempting to enter, fell into this hole before described and was injured. A verdict was rendered against the defendant, the owner, and judgment followed the verdict. At general term the judgment was affirmed.

Taft, J., in rendering the opinion of the court, on page 107, says:

"The tenants were lawfully entitled to use the approaches to the privy. The evidence shows that they shared this right with each other and with the landlord. The landlord had, and exercised control over the yard and approaches to the privy, subject to the right of use by the tenants. Under these circumstances, the ordinary rule as between the tenant and the landlord, that the tenant shall make repairs, is changed, and the obligation to keep in repair such common way, as controlled by the landlord, is upon the landlord."

The general rule is stated and authorities cited in 2 Shearman & Redfield on Negligence, Section 710, as follows:

"And so where a building is let in flats for offices or for habitation—the halls, entries, stair-ways, roof and yard not being demised to any tenant but used in common by all—the landlord owes a duty to the tenants, and to those entering the premises to visit them, to keep such undemised parts in a reasonably safe state of repair."

In the case of *Looney* v. *McLean* (1880), 129 Mass., 33, the court held:

"A landlord, who lets rooms in a building to different tenants, with a right of way in common over a staircase, is bound to use reasonable care to keep such staircase in repair; if he fails to do so, he is liable to a tenant injured thereby while in the exercise of reasonable care."

And the court on page 35 say:

"Where a portion of a building is let, and the tenant has rights of passage-way over staircases and entries in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair; as to such portion, he still retains the responsibilities of a general owner to all persons, including the tenants of his building."

Ths case is approved in *Watkins* v. *Goodall* (1885), 138 Mass., 533.

In the case of *Stenberg* v. *Willcox* (1896), 96 Tenn., 163 (34 L. R. A., 615), the Supreme Court of Tennessee held:

"Where unsafe premises are leased, to be used as a boarding house, the lessor, if he knew the unsafe condition of the premises, or could have known it by the exercise of reasonable care and diligence, is liable to the lessee's guest or boarder who has sustained personal injuries as the result of such unsafe condition of the premises."

In the case of *Marwedel* v. *Cook et al* (1891), 154 Mass., 235, the court say:

"The owner of a building let it for office purposes to various tenants, retaining control of the halls, stairways and elevator. The stairways were winding, and so constructed that the natural light was partially cut off, and artificial light, for which provision was made, was necessary at times to render them safe. During an afternoon in March a woman went in the elevator to the fifth floor on business, and having finished the same at about half past five o'clock, after the elevator had stopped running for the day, proceeded to descend by the stairway, with which she was unacquainted, then the only mode of egress. A tenant of the office visited by her, seeing that the gas was not lighted, cautioned her to be careful. As she was going down from the fourth to the third story it grew dark, but although unable to see she went on, holding to the hand-rail with both

hands, and in some way at the turn in the stairs lost her hold, fell, and was injured. *Held,* in an action against the owner of the building for such injuries, that the question whether the defendant was negligent in not lighting the stairways, and whether the plaintiff exercised due care in descending under the circumstances, were for the jury.''

The amended petition avers not only defects in the original construction of the privy vault, before the renting, but it is alleged that the defendants, as owners, at the time of leasing the same, assumed and undertook to maintain said outbuilding and vault, and the same were, at the time of the happening of the grievances complained of, under the exclusive, immediate and absolute charge and control of said owners; that, by the terms of renting or leasing of said premises, it was no part of the duty of the tenants to provide, maintain or keep in repair said outbuilding and vault; that by the terms of the leasing by said tenants, including said justice of the peace, it was stipulated and fully understood by said owners and tenants, that all such conveniences, as said outbuilding and vault, were to be furnished for the use and convenience in common of said tenants and their patrons by said owners.

The rule, therefore, deducible from the authorities before mentioned, and which is applicable to this case, is this: A landlord, who leases premises with an existing nuisance thereon at the time of leasing, resulting from defects inherent in the original construction, and this occasions the injury to a third person, is responsible; or, if the defect occurs after the letting, and the lessor, by virtue of the lease, covenants to repair, and retains or reserves the right to enter to make repairs, he is liable for accidents occasioned by the property becoming out of repair and dangerous.

This rule is well stated by Mr. Kerr in his work on Real Property, Vol. 2, Section 1227, as follows:

''The liability of a landlord for injury to third persons in the premises leased ceases with the commencement of the tenant's occupation, unless the landlord has expressly covenanted to repair, in which case he is liable to the same extent that he would be if in actual occupation of the premises himself, upon the principle that by his covenant to repair he holds out to

those in the lawful occupation of the premises an implied assurance that they are safe, and an implied invitation to use all parts of them. If there be a reservation in the lease to enter and to view and make improvements, the lessor is bound to make the necessary repairs without notice to do so.''

The allegations contained in the amended petition in this case are sufficient to hold the defendants liable on two grounds: First, for defects inherent in the original construction of the vault; and, second, under the terms of the lease, whereby they retain control of the building and agree to keep the same in repair. Therefore, the court erred in sustaining the demurrer, and for this reason the judgment is reversed.

Cause remanded with instructions to overrule the demurrer.

*Twitchell & Hartman,* for defendants in error.

*Twitchell & Hartman,* for defendants in error.