ELLEN LOONEY *vs.* ARCHIBALD McLEAN.

Suffolk. November 17, 1879. — June 25, 1880.

A landlord who lets rooms in a building to different tenants, with a right of way in common over a staircase, is bound to use reasonable care to keep such staircase in repair; if he fails to do so, he is liable to a tenant injured thereby while in the exercise of reasonable care; and the fact that the tenant uses the staircase after knowing that it is in a dangerous condition is not conclusive evidence that he is not in the exercise of due care.

TORT for personal injuries occasioned to the plaintiff by a fall from a staircase in a dwelling-house in Boston, owned or occupied by the defendant. Trial in this court, before *Ames,* J., who allowed a bill of exceptions in substance as follows:

The defendant was in the habit of letting tenements in the house in question to various tenants. The plaintiff's husband hired a tenement of the defendant, and began to occupy it on May 11, 1878. There was evidence that, at that time, the defendant pointed out the top of an outbuilding, connected with the house, as the place where the plaintiff was to hang out clothes for drying. There was a staircase in two flights leading from the ground of the back yard to the top of the outbuilding; and the plaintiff, on May 15, while going up the stairs to hang out her clothes for drying upon the roof, received the injuries complained of, in consequence of the giving way of one of the steps of the staircase. It was admitted that the defendant knew that the stairs were greatly decayed and unsafe, and there was no evidence that he cautioned or notified the plaintiff that they were so. The tenants in the building were in the habit of passing through the rooms on the second story occupied by a tenant, when they had occasion to go to said roof. Whether this access to the roof was pointed out to the plaintiff was in dispute, and the evidence on that point was conflicting. There was no other visible external means of access to the roof except by the above-described stairs. It was in evidence that the stairs had been substantially disused for many years. Some of the witnesses testified that two of the steps were broken away, and had wholly disappeared, two years before the accident. The plaintiff testified that only one step was missing, and that she undertook to

go up the stairs, not knowing that there was any other access, and, on cross-examination, testified that when she began to go up the steps she heard a crack under her feet, and felt a sort of yielding under her, but made haste to go up without any further examination into the condition of the stairs.

The defendant asked the judge to rule as follows: "1. A landlord does not guarantee the soundness of the premises let to his tenants, nor is there any implied warranty or guaranty on his part. 2. If the jury find that the steps in question were not used as a means of access to the shed where clothes were hung to dry, then the plaintiff went upon them at her own risk, and the defendant is not liable for the injuries received thereby. 3. The fact that the plaintiff has testified that she hurried up the steps without observing their condition at the time, and that she made no inquiries whether those steps were used for the purpose of access to the shed, is such evidence of the want of due care on her part that she is not entitled to recover. 4. If the jury find that two steps were gone at the time of the accident, and the plaintiff attempted to pass over them, she was not then in the exercise of due care, and is not entitled to recover."

The judge declined so to rule, and instructed the jury as follows: "In the case of landlord and tenant, there is no implied warranty on the part of the former that the demised premises are tenantable or in good condition, the tenant being supposed to examine and judge for himself. This rule, however, does not literally apply to the passageways, staircases and door-steps that are meant for general use by all the tenants; and no one of the tenants is responsible for the repairs of such places. The landlord is bound to keep such parts of the premises as are intended for the common use of all the tenants in such a state of repair that they can be safely used, or at least to caution the tenants not to use them if they are not safe. If the stairs were apparently intended to furnish a passage to the roof, and if the plaintiff had not been cautioned not to go that way, and if there was nothing in the appearance of the stairs that would indicate to a prudent person that they were unsafe, she might properly go there; but if they were manifestly in such a ruinous and decayed state that she ought to have seen or known that they

were dangerous, she could only go there at her own risk. If she had been cautioned not to go up the stairs, and if another access had been pointed out to her, she cannot hold the defendant responsible for the accident."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. R. Brown & E. A. Alger*, for the defendant.

*J. R. Murphy*, for the plaintiff.

COLT, J. The plaintiff's husband hired and occupied one of several tenements in the defendant's building. The jury, under the instructions given, have found that she was injured, without fault on her part, while using a defective stairway apparently intended to furnish access to the roof of a shed used in common by the other tenants for drying clothes. They must have found, also, that no other mode of access had been pointed out to the plaintiff; that no caution had been given as to the use of these steps; and that there was nothing in their appearance which would indicate to a prudent person that they were unsafe. The instructions given were sufficiently favorable to the defendant. They made him responsible only for such parts of his house as remained under his own general control and management.

There is no implied warranty in the letting of a house that it is safe and fit for habitation. A lease does not imply any particular state of the property let, or that it shall continue fit for the purposes for which it is let; unless otherwise stipulated, the tenant takes the premises as they are, and must pay the rent for the term. But this rule applies only to premises which, by the terms of the lease, have passed out of the control of the landlord into the exclusive possession of the tenant. Where a portion of a building is let, and the tenant has rights of passageway over staircases and entries in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair; as to such portion, he still retains the responsibilities of a general owner to all persons, including the tenants of his building. *Leavitt* v. *Fletcher*, 10 Allen, 119. *Foster* v. *Peyser*, 9 Cush. 242. *Readman* v. *Conway*, 126 Mass. 374. *Milford* v. *Holbrook*, 9 Allen, 17.

The case shows that the plaintiff had a simple right of access to the 'shed over this staircase, as incident to her occupation of the premises leased to her. The duty of the defendant, having still the possession and control of the same, was to protect her from injury in that right by the use of reasonable care on his part. The stairway was apparently intended to furnish a passageway for her use; and the defendant is responsible for injuries received by one entering upon the same by his invitation or procurement, express or implied. *Sweeny* v. *Old Colony Railroad*, 10 Allen, 368. *Elliott* v. *Pray*, 10 Allen, 378.

The fact, if proved, that the plaintiff had previous knowledge that the stairs were in a dangerous condition, would not be conclusive evidence that the plaintiff was not in the exercise of due care. *Whittaker* v. *West Boylston*, 97 Mass. 273. *Reed* v. *Northfield*, 13 Pick. 94.

The requests for instructions, in the form presented, were properly refused. *Exceptions overruled.*