PATRICK H. HUTCHINSON *vs.* MARY B. CUMMINGS
& another.

Suffolk.    March 8, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Landlord and Tenant — Agreement by Defendants to repair — Defect
in Elevator.*

A person who had been for two years a guest in a hotel was injured by stepping into the well of the elevator, the latter being operated by the guests themselves, and its location and use being familiar to the guest who was injured. The accident was attributed to the weakening of a door spring. The defendants, who were the owners of the hotel, had orally agreed with the lessees to make repairs. One of the lessees before the accident had sold his interest to the other, and the latter had continued to occupy without a new lease. *Held*, in an action by the guest against the owners for the injuries, that even if the agreement bound the defendants to make all necessary repairs while the remaining lessee continued to occupy, it must be implied that they were only to make repairs upon reasonable notice, and that the jury would not be justified in finding that the defendants had notice of any defect in the door spring from the fact that a witness testified that the defendants' agent had been notified about eight months before the accident of certain defects in the elevator, including the door spring, which defects had been immediately repaired, the witness testifying further that he knew of no defect as to the particular door where the accident occurred, and that he never knew of any defect there at any time.

TORT, for personal injuries occasioned to the plaintiff by falling into an elevator well in a public hotel in Boston, known as the Thorndike House.

Trial in the Superior Court, before *Hammond,* J., who, at the close of the plaintiff's testimony, ordered a verdict for the defendants ; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*I. R. Clark & F. Ranney,* for the plaintiff.

*W. A. Gaston & F. E. Snow,* for the defendants.

BARKER, J. The plaintiff had been for two years a guest in the hotel where he was injured by stepping into the elevator well. The elevator was operated by the guests themselves, and the plaintiff was familiar with its location and use. If the elevator and its appliances were in repair, he could not maintain an action against the defendants, who were the owners of the building, and not its occupants, for the results of an accident occasioned by the darkness of the hallway at the time when he attempted to use the elevator, or from its general plan of construction. It was not a concealed source of mischief or trap. *Bowe* v. *Hunking,* 135 Mass. 380. *Quinn* v. *Perham,* 151 Mass. 162.

There was evidence that the defendants agreed with the firm of Hunt and Dennin, their original lessees, to make repairs, and that Hunt before the accident had sold his interest in the hotel to Dennin and left the house, which Dennin continued to occupy without a new lease. The lease to Hunt and Dennin and the agreement to repair were oral. Assuming in favor of the plaintiff that this agreement bound the defendants to make all necessary repairs while Mrs. Dennin continued to occupy, it must be implied that they were only to make repairs upon reasonable notice. It follows that proof of mere want of repair shows no such active negligence or misfeasance on their part as will support an action of tort against them for injuries caused by an accident due to a want of repair. *Tuttle* v. *Gilbert Manuf. Co.* 145 Mass. 169, 175. The accident occurred on April 9, 1888. The plaintiff attributes it to the weakening of a door spring. There was evidence from Hunt tending to show that in August, 1887, he notified the defendants' agent of certain defects in the elevator, and pointed out to him that the doors were swollen

by dampness so that they would not close, and that the springs of the doors, being weakened, would not close them, and that the effect of the door not coming closely into place was that the spring would not be brought into operation, and that the spring was not good unless the door was perfectly closed, and would have no effect if the door stuck. But at that time a workman sent by the agent repaired all the doors so that they would shut, and the same witness testified that he knew of no defect as to the particular door where the accident occurred, and that he never knew of any defect there at any time. There was no other evidence from which to infer knowledge on the part of the defendants of a defect in the spring. Without discussing the other features of the case, it is sufficient to say that this evidence would not justify the jury in finding that the defendants had notice of any defect in the spring at the door where the accident happened, so as to make it negligent in them not to repair it, and that therefore no action of tort could be maintained by the plaintiff against them. The verdict was rightly ordered, in accordance with the decision in *Tuttle* v. *Gilbert Manuf. Co.*, *ubi supra*.

*Exceptions overruled.*