## MARY MARLEY *vs.* ABBY S. WHEELWRIGHT.

Bristol.   October 25, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Landlord and Tenant — Negligence — Action.*

Where the owner of a building let to a tenant, who sublets a portion of it, agrees to make the outside repairs, he is not liable to an action for personal injuries caused to a member of the subtenant's family by a want of repair in an outside stairway, if he has had no notice of such want of repair.

TORT, for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. Trial in the Superior Court, before *Hopkins,* J., who allowed a bill of exceptions, in substance as follows.

The defendant leased an entire building in Taunton, which consisted of two stores in the lower story and two tenements in the upper story, to one Pierce, who orally let the tenement in the front of the upper story to the plaintiff's son, with whom she lived. The rear tenement was let to another person. In the rear of the building on the outside was an uncovered wooden stairway consisting of fourteen steps. This was the only entrance of the rear tenement, and was the only means of access to and egress from the plaintiff's tenement to the yard below, where the outhouses, coal, and fuel boxes were. There was a front entrance or stairway leading from the plaintiff's tenement to the street, but from this entrance one could not get to the back yard without going on land of another person.

This house was one of the oldest houses in Taunton, and in the general condition of an old house, and the steps were in the same general condition.

When the tenement was let to the plaintiff's son by Pierce, there was evidence, not objected to by the defendant, tending to show that it was stated by Pierce that the defendant, the owner, had made a lease which was still in effect, in which it was stated that all the outside repairs of every kind and description were to be made by the owner, and all the interior repairs of the entire building were to be made by the lessee, Pierce; and no evidence

was offered by the defendant to contest this statement. The defendant was not present at the trial.

The lease was not produced, and no effort was made to account for its absence.

Certain inside repairs were mentioned as necessary by the plaintiff's son at the time of hiring, which were done by Pierce before the former took possession of the tenement.

On August 20, 1897, about four o'clock in the afternoon, the plaintiff went down in the back yard to the outhouses, and while returning with three or four sticks of kindling in one hand, and while mounting the steps, having hold of the rail which protected them with the other hand, fell when she got on to the seventh step, which broke or " slivered off." Pierce, the plaintiff, her son, and two other witnesses testified that it looked as if the breaking was because of dry rot, as the steps showed every indication such as a board subject to dry rot shows. There was no evidence introduced by the defendant to show that the plaintiff was not in the exercise of due care. The testimony of Pierce showed that the step looked to be rotten when he saw it the day after the accident. The plaintiff testified that the steps showed no outside indication of being dangerous, or rotten ; that she was sixty-four years of age, and had lived in the tenement for about eight months at the time of the injury ; that the steps were in substantially the same condition as when she first moved in ; and that neither she nor her son had ever seen the defendant.

All the evidence showed that the steps were in the same condition when the accident to the plaintiff occurred in which they were when the plaintiff's son hired the tenement.

There was no dispute but that the break in the step was of the projecting part of the tread, that it " slivered off " about three fourths of the length of the whole tread, and that the rest of the step was not broken.

The evidence was uncontradicted that the plaintiff used the stairs many times a day while she lived in this tenement ; that no complaint was made by the plaintiff or her son about the stairs during their tenancy ; and that so far as outward appearance went there was nothing unsafe about the stairs, except in so far as the age of the stairs indicated such a condition.

The judge, at the request of the defendant, ruled that, upon all the evidence, the plaintiff was not entitled to maintain the action, and directed the jury to return a verdict for the defendant.

The plaintiff alleged exceptions.

*R. P. Coughlin*, for the plaintiff.

*F. S. Hall*, for the defendant.

HAMMOND, J.   The plaintiff had lived for eight months before the injury with her son in the tenement hired by the latter from one Pierce, who during all that time was, and for some time before had been, the tenant of the whole premises of which this tenement was a part, having a lease of the same from the defendant.   The entire premises thus let to Pierce by the defendant comprised an old building with two stores in the lower story, and two tenements in the upper story, one of which the plaintiff's son occupied.

It thus appears that the defendant was no longer in control of the stairway.   It had been included in the lease to Pierce, and the rule stated in *Looney* v. *McLean*, 129 Mass. 33, and in several other cases, concerning the liability of a landlord who retains control over a staircase over which his tenants have a right to pass in common is not applicable.

The owner who has let the entire premises, staircases and all, has parted with his control, and is therefore free from this duty of due care as between him and his tenant or any subtenant. *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472.   There is no implied warranty that a house is safe and fit for habitation, nor in the absence of any agreement otherwise providing is the landlord under any obligation to make repairs.   *Looney* v. *McLean*, 129 Mass. 33.   *Watkins* v. *Goodhall*, 138 Mass. 533, 536.   *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472.

The bill of exceptions recites that, " When the tenement was let to the plaintiff's son by Pierce, there was evidence, not objected to by the defendant, tending to show that it was stated by Pierce that the defendant, the owner, had made a lease which was still in effect, in which it was stated that all the outside repairs of every kind and description were to be made by the owner, and all the interior repairs of the entire building were to be made by the lessee Pierce; and no evidence was offered by

the defendant to contest this statement. The defendant was not present at the trial." If this is to be taken as sufficient proof, the defendant not objecting, that the defendant had agreed with Pierce that she would make the outside repairs, it must be implied under the circumstances of this case that she was to make such repairs only upon reasonable notice. *Hutchinson* v. *Cummings*, 156 Mass. 329. *McLean* v. *Fiske Wharf & Warehouse Co.*, *ubi supra*. *Gerzebek* v. *Redmond*, 4 Vroom, 240. See also 7 Am. & Eng. Encyc. of Law, 24, for collection of authorities. The mere want of repair, therefore, shows no such negligence as will support an action of tort in favor of Pierce, or any subtenant of his, for injury caused by an accident due to the want of repair. Neither the plaintiff nor her son made any complaint, nor does it appear that Pierce ever did, nor that the defendant knew the condition of the steps. Therefore, no negligence on the part of the defendant is shown. She was not in default as between her and her tenant, or any subtenant of his, until after notice.   *Exceptions overruled.*