PEARL I. CUMMINGS *vs.* JOHN L. AYER.

Middlesex.          January 27, 1905. — May 22, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Practice, Civil.    Landlord and Tenant.*

Under R. L. c. 173, § 96, a plaintiff is not required to take an appeal within thirty days after the entry of an interlocutory judgment sustaining a demurrer to his declaration, but may wait until final judgment is ordered for the defendant before taking his appeal.

A landlord owes no duty to his tenant or a member of the tenant's household to make repairs unless he has agreed to do so, and where he has made such an agreement he is not liable for a want of repair of which he has received no notice.

TORT for personal injuries as alleged below. Writ dated June 2, 1902.

The declaration was as follows: " And the plaintiff says that on the first day of October, 1901, Charles E. Cummings, the father of the plaintiff, who is a minor three years of age and a member of the family of the said Charles E. Cummings, hired of the defendant a certain tenement, number 8 Martin Street in Medford, and the said Charles E. Cummings entered into possession of said tenement and used the same as a dwelling-house for himself and his family, including the plaintiff; that the said defendant agreed to keep the said tenement in repair and make the same fit for use and habitation ; that the defendant has failed to perform his agreement to keep the premises in repair but has allowed the kitchen floor to become loose, rough and uneven, whereby the plaintiff while walking and using the same and in the exercise of due care, part of the wooden floor of said kitchen

separated and parted and entered the knee of the plaintiff, whereby she became sick, sore and lame, to her damages."

The defendant demurred, and also filed an answer not waiving his demurrer. Later by leave of court he amended his demurrer. On April 4, 1904, the Superior Court sustained the demurrer. On June 29, 1904, the defendant moved that judgment be entered in his favor. On July 7, 1904, the motion was allowed, and it was ordered that judgment be entered for the defendant with costs. The plaintiff appealed. The defendant contended that under R. L. c. 173, § 96, the appeal should have been taken within thirty days after the entry of the interlocutory judgment sustaining the demurrer. He also contended that the demurrer was sustained rightly. The plaintiff contended that the declaration set forth a cause of action.

*M. F. Farrell*, for the plaintiff, submitted a brief.

*A. S. Hall*, for the defendant.

BRALEY, J. The order sustaining the demurrer was not accompanied by any direction that judgment thereon should be entered for the defendant, and until this had been done the plaintiff's right of appeal to this court was in abeyance. R. L. c. 173, § 96. *Fay* v. *Upton*, 153 Mass. 6.

Under the practice adopted in this case by the Superior Court, after the demurrer was sustained an opportunity was afforded the plaintiff to amend her declaration if she desired, while the defendant was at liberty to move for judgment if an amendment was not seasonably filed or allowed, and no injustice was suffered by either party by the course pursued.

While the question of law raised by the demurrer is before us properly, the plaintiff's appeal cannot be sustained. The declaration fails to allege the violation of any agreement made between the parties themselves to keep the demised premises in tenantable repair. *Bowe* v. *Hunking*, 135 Mass. 380, 383. *Cowen* v. *Sunderland*, 145 Mass. 363, 364. It also fails to show that if the defendant ever entered into any enforceable contract with the plaintiff's father to make such repairs and has broken the agreement, that there has been a breach of any duty owed to the plaintiff.

If the allegations made are treated as setting out an executory contract to that effect, and its breach, the mere want of repair

of the floor and nothing more is not sufficient. *Tuttle* v. *Gilbert Manuf. Co.* 145 Mass. 169, 175. In order to hold the defendant liable it must appear by proper averments that notice was given to him of its condition or that he knew of it and neglected to make the necessary repairs, or that he agreed to repair without notice, which also is not averred. *Hutchinson* v. *Cummings*, 156 Mass. 329. *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472, 474. *Marley* v. *Wheelwright*, 172 Mass. 530, 533.

No neglect of any duty owed by the defendant to the plaintiff's father under the contract therefore is alleged, from which a cause of action owing to the defendant's negligence would have arisen in his favor. The plaintiff as a member of his household has no broader right. *Moynihan* v. *Allyn*, 162 Mass. 270.

*Judgment affirmed.*