# Tyson *v.* Weil.

### Action for Rent.

(Decided Nov. 24, 1910. 53 South. 912.

1. *Landlord and Tenant; Rent; Set-off.*—As a general rule where a tenant remains in possession and enjoyment of the leased premises, he cannot set up a failure to make repairs as a bar to an action for the rent; to be available it must be set up by way of recoupment or set-off.

2. *Same; Notice; Pleading.*—While a covenant in the lease to put the premises in repair is broken by a failure to repair within a reasonable time. the lessor is not put in default as to a covenant to keep premises in repair during the term, unless he is given notice, or has knowledge, of the defect; hence, a plea by a tenant setting up a failure to keep in repair as a set off to an action for rent must aver such notice or knowledge of the landlord.

3. *Same; Defenses; Termination of Lease by Fire.*—Where there is a provision in the lease giving right to terminate it after fire and failure to repair, which is set up and termination is alleged, the tenant may prove such right and termination in bar to the part of the rent accruing after such termination.

4. *Same.*—Where the lease provides that if the premises be burned the lease shall cease unless the lessor repairs within a reasonable time, it is not necessary to the termination of the lease that the lessee take any affirmative action.

5. *Same; Waiver; Pleadings.*—If a tenant remains in possession after the leased premises have been destroyed or damaged by fire to such an extent as to waive his right to terminate the lease under the provision that the lease shall terminate unless repairs are made within a reasonable time, such a waiver is a matter for replication and hence, the tenant need not by his plea of termination negative a waiver.

6. *Same; Termination; Construction.*—A provision in a lease of a store that if the premises be destroyed by fire the lease shall cease unless the lessor at once rebuilds or places the premises in a tenantable condition within a reasonable time, refers as well to such damage to the building by fire as to render it unfit or incapable of being used for the purpose for which it was rented, as to a case of total destruction.

7. *Same; Negligence; Pleading.*—If it may be said that the provision in a lease that if the premises shall be destroyed by fire the lease shall cease is not binding in case the fire was caused by the negligence of the lessee, such a case would be an exception and need not be negatived by the lessee in his pleas of termination; if the fire was caused by the negligence of the lessee it should be set up affirmatively by replication.

[Tyson v. Weil.]

8. *Same; Untenantableness; Pleading.*—Where the pleading avers that the lessee was to occupy the building as a dry goods store and that it was so damaged by fire that it could not be used for the purpose for which it was rented, and that the lessor failed to place it in a tenantable condition and setting up the provision of the lease that it should cease if the premises be rendered untenantable, and be not repaired by the lessor, it sufficiently avers that the store was rendered untenantable.

9. *Appeal and Error; Harmless Error; Pleading.*—Where the evidence was not conclusive that the lease was terminated as alleged in another plea, and where evidence was introduced in support of the plea of the lessor's breach of covenant to keep in repair, and it was possible that the reduction of plaintiff's demand was grounded solely thereon, it cannot be said to be harmless error to have overruled a demurrer to the defendant's plea, setting up a breach of covenant to keep in repair during the term of the lease, but which did not aver notice to or knowledge by the lessor of want or need of repair.

10. *Same; Introduction of Evidence.*—If it was error to admit evidence of the defendant as to the acts of a third person, without evidence of his authority, it was cured by the subsequent testimony of plaintiff as to his authority.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by J. C. Tyson against Abe Weil for rent, begun by attachment. From a judgment awarding insufficient damages, plaintiff appeals. Reversed and remanded.

The pleas are as follows: (3) "That the consideration for the notes sued on was for the rent of storehouse No. 207 Commerce street, in the city of Montgomfendant by the plaintiff, pursuant to the provisions of a certain lease entered into by and between plaintiff and defendant on the 1st day of May, 1908, whereby the defendant was to occupy the said storehouse as a dry goods store and not otherwise for a period beginning May 1, 1908, and ending September 30, 1909, at the rate or rental of, to wit, $100; and defendant avers that among other provisions of said lease the following provision appears therein: 'It is also understood and agreed that, in case the said leased premises shall be destroyed by fire at any time during the continuance of this lease, the same shall cease unless the party of the first

part shall at once rebuild or place said store in a tenantable condition within a reasonable time.' And defendant says that on, to wit, the 2d day of April, 1909, a fire occurred in said storehouse, and so damaged the said storehouse that the same could not be used by the defendant for the purposes for which the same was rented, of which the plaintiff had due notice; and the defendant further says that the plaintiff, who was the party of the first part in said contract of lease, did not within a reasonable time replace said storehouse in a tenantable condition. Wherefore defendant says he is not liable to the plaintiff for rent of said premises, except as to the time of said fire, which was, to wit, a period of two days." Plea 4 is the same as 3, except that it omits to allege that plaintiff, who was a party of the first part in the lease, did not within a reasonable time place said storehouse in a tenantable condition. (7) Same as 3, with the additional allegation that plaintiff did not place said storehouse in a tenantable condition within a reasonable time thereafter, and as a result thereof, proximately, this defendant was damaged in the use of said storehouse in the sum of, to wit, $600, which he offers to set off against plaintiff's demand. (6) Same as 3, down to and including the words, "September 30, 1909," with the additional averment that among the other provisions and conditions of said lease the plaintiff agreed to keep the elevator in said storehouse in repair, except when breakage and damage was caused by the fault of this defendant, and defendant says that the plaintiff failed to comply with such provision of said contract, in that on, to wit, the 2d day of April, 1909, a fire occurred in said storehouse without the fault of this defendant, and damaged and injured said elevator, so that the same could not be used by this defendant, and plaintiff failed to repair said elevator within a reasona-

[Tyson v. Weil.]

ble time after said fire, and as a proximate consequence thereof this defendant was damaged in the use of said storehouse in the sum of, to wit, $500, which he offers to set off against plaintiff's demand.

The following demurrers were interposed to the third plea: (1) "That the covenant shown by such plea, if breached and damages sustained by such breach, is matter for original complaint, or for plea of set-off, and not for plea in bar of action." (2) "It does not appear that defendant abandoned the premises after the breach of the covenant, if there was a breach." (3) "The plea does not negative but that the fire originated through the negligence or fault of the defendant." (4) "For that, from aught that appears, the fire was occasioned by the negligence or fault of the defendant." (5) "The facts averred do not show a termination by the defendant of the lease." (6) "It is not averred that the store was rendered untenantable by the fire." (7) "For aught that appears, the defendant continued to occupy the leased premises after the lapse of a reasonable time after the same had been destroyed by fire, and after it became the duty of the plaintiff to place said store in a tenantable condition." (8) "The plea is no answer to that part of the complaint seeking a recovery upon the note due May 1st." The same demurrers were assigned to the fourth and seventh pleas. The fourth ground of demurrer assigned to the eighth and ninth pleas was: "It does not appear in and by said plea that the plaintiff had any notice that the elevator was out of repair or in a damaged condition, or that he permitted it to remain out of repair for an unreasonable length of time."

A number of replications were filed, not necessary to be here set out. So far as the fire clause of the lease is concerned, it is as follows: "It is also understood and agreed that, in case the said leased premises shall be

destroyed by fire at any time during the continuance of this lease, the same shall cease unless the party of the first part shall at once rebuild or place said store in a tenantable condition within a reasonable time." As to the elevator the contract was as follows: "The party of the first part agrees to keep the elevator and water-works in repair, except where breakage or damage is caused by fault of the party of the second part.

TYSON, WILSON & MARTIN, for appellant. Plea 3 was clearly a plea in bar and not in set off or recoupment, and was bad for the reason that the covenant to repair can only be availed of by plea of set off and recoupment. *Hill v. Bishop,* 2 Ala. 320; 24 Cyc. 1159; note 49; 18 A. & E. Enc. of Law, 230. The plea is also defective for failing to aver that the fire was not caused by the negligence of the lessee.—18 A. & E. Enc. of Law, 229. The plea is bad for the reason that it does not negative the continuing possession of the store by the defendant after the breach set up.—*Chamberlain v. Godfrey,* 50 Ala. 530; *Warren v. Wagner,* 75 Ala. 188. Nothing less than an entire abandonment or surrender will operate as a termination by the defendant.—*Cook v. Anderson,* 85 Ala. 103; 24 Cyc. 1160-1. Counsel discuss other assignments of error relative to the pleadings and the evidence, but without citation of authority.

STEINER, CRUM & WEIL, for appellee. The matters sought to be raised by demurrers to pleas 3 and 4 were matters for replication, and it was not necessary that the pleas negative such matter.—*Brown v. Com. F. I. Co.,* 86 Ala. 189; *Donelly v. House,* 160 Ala. 325. Under the terms of the lease damage by fire was included as well as total destruction.—*Manchester F. A. Co. v. Feibleman,* 118 Ala. 308; *O'Bryne, v. Hendley,* 50 So.

83. It is insisted that plea 7 is a plea of set off and that the appellant had the benefit thereunder and that the rulings of the court on the other pleas were without injury.—*T. F. Mfg. Co. v. Moore,* 48 So. 593; *Powell & Co. v. Foy-Hayes C. Co.,* 48 So. 785. Counsel discuss other assignments of error, but without citation of authority

ANDERSON, J.—Pleas 3 and 4, by whatever name they may be designated, set up a nonliability for rent only after the fire and a clause in the lease giving a right to terminate it in case of a failure to rebuild or repair. Plea 3 set up a failure to rebuild or repair within a reasonable time, but plea 4 did not contain this averment, yet the point was not taken by any ground of demurrer to said plea 4. The general rule is that when a tenant remains in possession and enjoyment of the premises he cannot set up a failure to make repairs as a bar to the action, but must protect himself by way of set-off or recoupment.—*Hill v. Bishop,* 2 Ala. 320; 24 Cyc. 1159; 18 Am. & Eng. Encyc. of Law, 230. The defendant, however, in the case at bar, sets up a contract with a right to terminate same after the fire and a failure to repair, and that the same was terminated. If, therefore, he had a right to terminate and did terminate same, this fact could be shown in bar to so much of the rent as was claimed subsequent to the termination of said rental contract. So, to, if the defendant remained in possession to such an extent as to waive his right to terminate the lease, this would be a matter for replication, and it was not necessary to negative a waiver in the special plea. The lease in question, by its own terms, terminates the relationship in case of a destruction of the premises and a failure to repair within a reasonable time, and requires no affirmative action on the part

of the defendant to terminate same. If he continued to use and occupy the premises this might operate as a waiver, but was matter of replication by the plaintiff and the fact did not have to be negatived in the defendant's pleas.

We think the intention of the parties to be gathered from the instrument was that the words "destroyed by fire" not only contemplated a total destruction of the building, but such damage thereto as would render it unfit or incapable of being used for the purposes for which it was rented. The clause not only provides that the store should be rebuilt, but also provides for placing it in a tenantable condition.—*Manchester Co. v. Feibelman*, 118 Ala. 308, 23 South. 759. It may be that the clause to rebuild or repair in case of fire was not a guaranty against all fires, and was not binding on the plaintiff, if the fire was caused or originated through the negligence of the tenant.—18 Am. & Eng. Encyc. of Law, 228, 229, and cases cited in note 1 to page 229. The fact, however, that the fire was not caused by the neglect of the defendant would be a negative averment, and an exception, and if it was caused through his neglect it should be affirmatively set up by way of replication. There was no error in overruling the plaintiff's demurrers to pleas 3 and 4.

For the reasons above set forth, plea 7 was not bad for failing to negative the negligence of the defendant as the cause of the fire. We also think it sufficiently avers that the store was rendered untenantable. It avers that the defendant was to occupy the building as a dry goods store and that it was so damaged, that it could not be used for the purposes for which it was rented, and that the plaintiff failed to place said storehouse in a tenantable condition.

[Tyson v. Weil.]

Where the agreement is to keep the premises in repair, or to make all necessary repairs during the term, a notice by the tenant to the landlord of the need of repairs is, as a general rule, necessary to place the landlord in default for not repairing.—18 Am. & Eng. Encyc. of Law, 229; *Manchester Warehouse Co. v. Carr,* (Eng.) 5 C. P. D. 507; *Seiber v. Blanc,* 76 Cal. 173, 18 Pac. 260; *Marley v. Wheelright,* 172 Mass. 530, 52 N. E. 1066; *Gerzebek v. Lord,* 33 N. J. Law, 240; *Thomas v. Kingsland,* 108 N. Y. 616, 14 E. 807; *Cook v. England,* 27 Md. 14, 92 Am. Dec. 618. A distinction between to put in repair before the commencement of the lease and to keep in repair during the rented period is very properly made in the case of *Gerzebek v. Lord,* 33 N. J. Law, 240, where the court held, that the first covenant was broken by a failure to repair within a reasonable time, but as to the second covenant, notice from the tenant to the landlord was necessary. Of course, it would not be necessary for the tenant to give the landlord notice of the defect if he already knew of it, but in order to charge the landlord with a breach of the contract to keep in repair, during the lease, the pleading should charge that notice was given him or that he knew of the defect. The defendant's plea 9 was defective and subject to the fourth ground of demurrer to the eighth plea which was also made applicable to plea 9. Nor are we prepared to say that this error was of no injury to the plaintiff as there was evidence in support of the plea, and we cannot say that the trial court did not consider it in arriving at the plaintiff's damages. The evidence was by no means conclusive of a termination of the lease, and the reduction of the plaintiff's demand may have been grounded solely on the set-off or recoupment. It is questionable if the plaintiff did not make the repairs or start to do so within a reasonable time and was

stopped by the defendant. It is also questionable, if the defendant did not continue to use the store to such an extent as to estop him from claiming that the lease had terminated.

It may be that no authority was shown in Manor to accept or reject the key to the store, when the evidence was let in, but this error was cured by the subsequent admission of the plaintiff, when a witness, that he authorized Manor to act for him in refusing to accept the key.

There was no reversible error in the ruling upon the evidence.

For the error above designated, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.