ELIAS BREWER *vs.* HARRY A. FARNAM & others.

Suffolk.    January 27, 1911. — April 3, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Nuisance.   Negligence.*

If the owner of a building on a city street, who retains control of the roof and of the outside of the building including the "water spout and eaves combined," suffers icicles to form on the conductor pipe, which carries away the water from the gutter of the roof, by reason of a leak in this pipe which is shown to have existed for more than two years, he can be found to be liable to a traveller on the public sidewalk adjoining the building who is injured by such an icicle falling upon him.

TORT for personal injuries alleged to have been sustained by the plaintiff at about half past five o'clock on December 24, 1906, when he was walking along the sidewalk of Sudbury

Street in Boston, by reason of an accumulation or mass of ice falling upon him from a defective spout or water conductor negligently maintained and allowed to remain as a nuisance upon a building owned and controlled by the defendants. Writ dated June 18, 1907.

In the Superior Court the case was tried before *White*, J. The evidence is described in the opinion, where also the rulings of the judge are stated. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendants alleged exceptions.

The case was submitted on briefs.

*J. Lowell & J. A. Lowell*, for the defendants. ·

*F. J. Daggett & F. P. Garland*, for the plaintiff.

LORING, J. At the time here in question the plaintiff was walking on the sidewalk in front of the building numbered 20–24 Sudbury Street in the city of Boston and was injured by ice falling on him. There was evidence that this ice came from what is spoken of in the bill of exceptions as the drain pipe, the conductor pipe and the water spout. We understand this to have been an iron pipe on the outside of the building, to carry away the water from the gutter which ran around the outside of the roof; and we shall speak of it as the conductor pipe.

The building numbered 20–24 Sudbury Street was a six story building owned by the defendants. The basement, first and sixth floors were let to one tenant, the fifth floor to another and the third to still another. So far as appears the second and fourth floors were not let. It affirmatively appears from one of the leases put in evidence that the common stairway and freight elevator were to be used in common and so remained in the control of the defendants; and one of the defendants testified that they had charge of making repairs on the roof and the outside of the building including the " water spout and eaves combined."

There was direct evidence from an eyewitness that the ice which fell on the plaintiff consisted of icicles which had formed on the conductor pipe from " dripping down and freezing." And the plaintiff's evidence tended to show that for many years water had escaped from the conductor pipe, had frozen into icicles and had dropped on to the sidewalk. One of the witnesses placed the point at which this occurred at the second story and the

other at the top of the conductor pipe, apparently where it joined the gutter or a spout leading into it from the gutter.

The presiding judge instructed the jury in substance, " Unless you find that the defendants did not exercise reasonable care in reference to the condition of the conductor or to the accumulation of ice upon or near the conductor, the plaintiff cannot recover," and refused to rule that " the defendants not having received any notice of any defect in the condition of the conductor are not liable in this action," and to direct a verdict for the defendants.

In support of their contention that the ruling asked for should have been given, the defendants rely on *Hutchinson* v. *Cummings*, 156 Mass. 329. That was a case where the whole building passed into the control of the tenant to whom the whole of it was leased, and where the lessor had agreed to make repairs. What was decided in *Hutchinson* v. *Cummings* was that in such a case there is no default on the part of the lessor in not making repairs until he receives notice from the lessee that repairs are needed. In the case at bar the conductor pipe remained in the control of the defendants.

In support of their contention that the presiding judge as matter of law should have directed the jury to find a verdict for them, the defendants rely on the rule discussed in *Davis* v. *Rich*, 180 Mass. 235. One of the plaintiff's witnesses did testify that he had seen the water spouting out and freezing for a week or two before the accident. But this witness did not testify that this condition of things existed only during the week or two before the accident. And if he had it would not have justified the defendant's contention for there was another witness who testified to its existence for two years before the accident. In other words the case made out by the plaintiff in this action was not or could have been found not to be the case of a recent break in the pipe.

The entry must be

*Exceptions overruled.*