### ALMEDA GLYNN ET AL. *vs.* THE LYCEUM THEATRE COMPANY.

Second Judicial District, Norwich, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A lessor who covenants to make reasonable repairs on leased premises is not liable for a breach of this covenant unless he had knowledge or notice, actual or imputed, of the defects complained of; and this is especially true where previous repairs of a similar character, whenever required, had been made by the lessee.

Whether a third person, injured by the failure of the lessor to make the covenanted repairs, can maintain a suit against the latter, *quære.*

If he can, his right of action cannot be broader than his right of action against the lessee.

The lessee and proprietor of a theatre does not insure the absolute safety of the theatre seats; his duty to his patrons is to exercise reasonable care to see that the seats are in a reasonably safe condition. If it appears by the evidence that he caused his servants to inspect the seats each day, and to report their condition, and then repaired the defective ones, and there is no evidence of negligence in this respect, neither the proprietor, nor his lessor who had covenanted to repair, is liable for injuries to a patron of the theatre caused by the breaking down of a seat.

Argued April 30th—decided July 25th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in failing to provide safe and proper seats in its theatre, brought to the Superior Court in New London County where the plaintiffs were nonsuited in a trial to the jury before *Curtis, J.,* from which judgment they appealed. *No error.*

The plaintiffs offered evidence from which the jury might reasonably have found the following facts: The defendant leased its theatre in New London to the Jackson Amusement Company, a Connecticut corporation, for a period of three years from July 1st, 1908; and this company from this date continued in the

possession and exclusive control of these premises under this lease up to and including January 15th, 1910. On this date the plaintiffs purchased from this company two tickets for an entertainment entitling them to two seats in the front row on the balcony. The plaintiffs had occupied their seats for fifteen or twenty minutes when, without warning to them, the seat occupied by Mrs. Glynn collapsed—the bottom falling—causing her to fall to the floor and suffer the injuries sued for.

No evidence was offered that this seat had ever fallen or been out of order prior to this accident.

Evidence was offered that on certain occasions during the year previous many other seats in the balcony had collapsed so as to permit the bottom of the seats to fall. No evidence was offered that these instances, or the defect in these seats, had been brought to the notice of the defendant, or that any request or demand had been made of it to renew or repair these seats, or any seats; but there was evidence that these repairs had been made by the Jackson Amusement Company, lessee.

One of the covenants of the lease by the defendant to the Jackson Amusement Company provided "that it [the Lyceum Company, defendant herein] will maintain and keep in good condition the front of the interior of the theatre, that is, the chairs, walls, ceilings, the heating plant and its connections, gas and electric fixtures and wiring for the term of said lease."

The defendant lessor never in person fulfilled this covenant of the lease.

*George C. Morgan,* for the appellants (plaintiffs).

*Charles B. Whittlesey,* for the appellee (defendant).

WHEELER, J. The lessor, the Lyceum Theatre Company, was, under its covenant to repair, bound to maintain the seats of its theatre in reasonable repair.

The lessee, the Jackson Amusement Company, could enforce this covenant, but, since it is merely a covenant to repair premises in control of the lessee, the liability of the lessor thereon could arise only after notice to, or the presence of facts from which the law would imply knowledge of the defect by, the lessor. *Miles* v. *Janvrin*, 196 Mass. 431, 438, 82 N. E. 708.

When the lessor has had such notice or knowledge and thereafter fails to make the necessary repairs, or makes them in a negligent manner, he is liable for damage resulting to the lessee as a consequence of his negligence.

The lessor's liability rests upon his negligent failure to perform his contractual duty, or his performance of that duty in a negligent manner. His liability in tort is based upon his negligent breach of a duty owed his lessee through the contract of lease. *Dustin* v. *Curtis*, 74 N. H. 266, 269, 67 Atl. 220; *Thompson* v. *Clemens*, 96 Md. 196, 209, 53 Atl. 919; *Frank* v. *Mandel*, 76 N. Y. App. Div. 413, 416, 78 N. Y. Supp. 855; *Reynolds* v. *Van Beuren*, 155 N. Y. 120, 125, 49 N. E. 763.

Breach of duty by the lessor cannot be predicated upon mere failure to perform. *Marley* v. *Wheelwright*, 172 Mass. 530, 532, 533, 52 N. E. 1066; *Hutchinson* v. *Cummings*, 156 Mass. 329, 330, 31 N. E. 127. It consists in a negligent performance of the contract duty to repair, and that presupposes notice or knowledge of the defect, in the absence of provision in the lease to the contrary. *Rumberg* v. *Cutler*, 86 Conn. 8, 10, 84 Atl. 107; *Thompson* v. *Clemens*, 96 Md. 196, 209, 53 Atl. 919; *Thomas* v. *Kingsland*, 108 N. Y. 616, 14 N. E. 807.

In the case before us the contract of lease did not provide for notice to the lessor; the law implied that notice of the defect must be given it, or knowledge had of it, before a breach of duty rendering it liable to the lessee could exist. No such notice was given, and no

knowledge of the necessity for the repair to the seat possessed by the defendant; hence there existed no basis for an action by the lessee against it for injuries from the defective seat.

The lessee had always been in the habit of making all repairs required upon the chairs; because of this habit an additional obligation rested upon the lessee to give the lessor notice of the defect before attempting to hold it liable for damage from the defect.

The authorities differ as to the right of a stranger to the contract of lease to sue the lessor for injuries suffered by him through the failure of the lessor to carry out his contract to repair. For instance, New Jersey holds the want of privity a bar to the action unless the injured person be upon the premises by invitation of the lessor. *Clyne* v. *Helmes,* 61 N. J. L. 358, 368, 39 Atl. 767. Massachusetts, on the other hand, permits such an action in order to avoid circuity of action, first against the lessee and then against the lessor. *Lowell* v. *Spaulding,* 58 Mass. (4 Cush.) 277. We have no occasion to decide the point.

Assuming that such an action might lie, it is clear upon principle and the better authority that the right of action by a guest of a lessee against the lessor in virtue of his covenant to repair cannot be broader than his right of action against the lessee. *Cummings* v. *Ayer,* 188 Mass. 292, 294, 74 N. E. 336; *Jordan* v. *Sullivan,* 181 Mass. 348, 350, 63 N. E. 909.

Without notice, actual or constructive, to the lessor, the guest of the lessee, even in those jurisdictions which permit the action, can have no action against the lessor, since the lessor would not be guilty of any breach of duty toward him, and this is the foundation of an action of this character. *Hutchinson* v. *Cummings,* 156 Mass. 329, 31 N. E. 127. Moreover, the evidence does not tend to show that the defect in this seat was either

known to the lessee, or had existed for so long a time as to charge the lessee, in the exercise of reasonable care, with knowledge of its defective condition.

The lessee did not insure the absolute safety of the theatre seats; it, by its invitation to its guests, assumed the duty toward them of exercising reasonable care to see that the seats were in reasonably safe condition for its guests. *Turgeon* v. *Connecticut Co.*, 84 Conn. 538, 541, 80 Atl. 714. It performed this duty by having its servant examine the seats each day and report their condition, and thereafter repairing the defective ones. Upon the evidence it has not failed in its duty of provision, inspection, or maintenance.

The plaintiffs failed to present evidence which, viewed in its most favorable light, supported a cause of action against either lessee or lessor; the duty of the trial court to grant a nonsuit was a plain one.

There is no error.

In this opinion the other judges concurred.