## Gosney v. Conn.

(Decided December 5, 1922.)

### Appeal from Fayette Circuit Court.

1. Forcible Entry and Detainer—Non-Payment of Rent—Termination of Lease—Forcible Detainer.—A tenant under a lease providing that he will vacate the premises without any demand, without any notice, without any proceedings whatever, when an installment of rent is unpaid, who refuses to surrender possession after several installments of rent are due and unpaid, is guilty of forcible detainer.

2. Landlord and Tenant—Covenant to Improve—Waiver—Liability for Rent.—A provision in a lease that the term of tenancy shall not begin until all contemplated improvements are finished and the house made ready for occupancy is one which the tenant may waive, and if he enters and takes possession of the premises before the improvements are completed he is liable for the rent, though he may have a claim for damages growing out of the landlord's failure to comply with his covenant to improve.

L. G. CAMPBELL and H. E. ROSS for appellant.

J. A. EDGE, GEORGE C. WEBB and WEBB & DENNY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 28, 1920, Mrs. F. J. Conn, who owned a large house on South Broadway in the city of Lexington, entered into a contract with H. E. Gosney by which she leased to him the premises for a period of one year, with the privilege of renewal for two years. The lease, which

was prepared by Gosney, contains the following provisions:

"It is understood and agreed between the parties whose names are hereto affixed that there are improvements now being made to the property, that will render it untenantable until it is finished, and it is further agreed by and between the parties hereto that the term of tenancy hereinafter referred to does not begin until all contemplated improvements are .finished and the house made ready for occupancy.

"2. The second party agrees to pay his rent for the said premises the sum of two hundred ($200.00) dollars per month, payable monthly, in advance.

"3. Said second party agrees to vacate the premises without any demand, without any notice, without any proceedings whatever, when any installment of rent is unpaid.

"4. No demand for the rent will be made in the premises or elsewhere, but tenant shall seek the lessor to pay the rent. The tenant hereby agrees to keep in good repair all bath tubs, closets and water connections."

On June 30, 1920, Mrs. Conn instituted a forcible detainer proceeding in the court of Charles Parrish, a justice of the peace for Fayette county, but the proceeding was dismissed without a trial because of the insufficiency of the notice.

On July 24 a writ of forcible detainer was issued by Charles P. Dodd, another justice of the peace for Fayette county, and upon the trial thereof, Gosney was found guilty of forcible detainer and judgment of restitution was rendered. On appeal to the circuit court the jury was instructed to find Gosney guilty of forcible detainer, and from the judgment predicated on the verdict this appeal is prosecuted.

It developed on the trial that Mrs. Conn had agreed to make certain repairs and improvements, such as papering and painting several rooms, halls, etc., and she claimed that she had complied with her agreement except in certain minor particulars. On the other hand, Gosney claimed that she failed to comply with her agreement in many important respects. It further developed that Gosney tok possession of the entire premises on May 1st. He immediately advertised rooms for rent and sublet a portion of the premises for $95.00 a

month. The only rent which he ever paid was $5.00 to bind the contract. While he gave Mrs. Conn a check for $100.00 and another check for $45.00, he claimed that these were loans and not payments on the rent.

As appellant agreed in the lease to vacate the premises without any demand, without any notice, without any proceedings whatever, when any installment of rent was unpaid, and as several installments of rent were due and unpaid, it cannot be doubted that the lease had terminated when this proceeding was instituted, and that appellant was guilty of forcible detainer in refusing to surrender possession of the premises, if, as a matter of law, he was liable for the rent. Appellant insists that he was not liable because all the contemplated improvements were not finished. It must not be overlooked that this is not a case where the tenant refused to enter, or, having entered, abandoned the premises, on the ground that they were rendered untenantable by the landlord's refusal to comply with his covenant to improve. Nor is it a case where the lease provided that the tenant, though in possession should not pay any rent while the contemplated improvements were being made. It is simply a case where the lease provided that the tenancy should not begin until all contemplated improvements were finished, and the house made ready for occupancy. Had appellant not entered he would have incurred no obligation until the contemplated improvements were made, but the provision in the lease that the tenancy was not to begin until the improvements were made was one which he might waive and did waive by taking and holding possession of the premises. Being in the possession and enjoyment of the premises, he necessarily became liable for the rent, although he might have had a claim for damages growing out of appellee's failure to comply with her covenant to improve. 16 R. C. L. 943; Tyson v. Weil, 169 Ala. 558, 53 So. 912; Hill v. Bishop, 2 Ala. 320; Partridge v. Dykins, 113 Pac. (Okla.) 928, 34 L. R. A. (N. S.) 984. It follows that the trial court did not err in directing the jury to find appellant guilty of forcible detainer.

Judgment affirmed.