MEMORANDUM OF DECISION

WILSON, J.
I.
In this civil action the plaintiff seeks to recover damages for injuries which he alleges that he sustained in a fall at the Mohegan Sun Casino, an enterprise in possession and control of the defendant.
In his amended complaint dated October 28, 2009, the plaintiff alleges that on April 5, 2005 he was a patron at the casino when he was caused to trip and fall over slot machine parts that had been left on the floor, struck his head on a nearby slot machine, and sustained injuries and damages. He alleges that the injuries were caused by the negligence of the defendant in one or more of the following ways, in that they:
“a. Failed to train their employees, and specifically their slot technicians, as to the proper safe procedures for the set up of their work area to ensure safe passage for its patrons and others in the casino, including the plaintiff;
b.Failed to inspect the area to ensure that the passageways were clear for its patrons, including the plaintiff;
b. Failed to discover the defective and dangerous condition;
c. Failed to use reasonable care to keep the premises reasonably safe for its patrons, including the plaintiff;
d. Failed to properly warn or otherwise notify its patrons, including the plaintiff, of the materials left on the floor in the passageway of the patrons and others legally on the casino floor when they knew or should have known that a warning or other means of notification was required; and
e. Allowed said condition to continue when they knew or should have known of its existence.”
The plaintiff alleges that as a result of the head injuries he sustained a concussion, headaches, numbness, dizziness, and vertigo; that he was required to undergo medical treatment; that the injuries are permanent; that he has suffered, and will suffer, physical and mental pain; that he is unable to participate in many activities; that he was required to spend money for medical care; and that he was unable to pursue his usual course of employment thereby sustaining a permanent financial loss.
The defendant denied the operative allegations of the complaint and affirmatively alleged as a special defense that:
“Any injuries losses or damages sustained by the plaintiff were caused by his own negligence and/or carelessness in one or more of the following ways:
a. he stepped backwards into a work area which he had observed prior to that time;
*233 b. he walked backwards into an area which was roped off to warn patrons not to proceed where slot machine maintenance was being conducted;
c. he failed to make reasonable use of his senses and faculties; and
d. he failed to take those precautions, under the circumstances then and there existing, which would have been taken by a reasonable person.”
On the plaintiff’s motion, the Court viewed the scene of the plaintiffs fall. The scene and the plaintiffs fall were recorded on a video camera maintained by the defendant, and the video recording was admitted as an exhibit in this case. At the trial, and in post-trial briefs and memoranda, the issues as to liability, causation, and damages were vigorously contested.
Upon consider of the whole record, and the briefs, the Court finds that the plaintiff has failed to prove that the defendant was negligent in any of the ways that were alleged in the amended complaint and that judgment will therefore enter for the defendant.
II.
On the night in question the plaintiff was a patron at the Mohegan Sun Casino, and, as such, was a business invitee to whom the defendant owed the duty of exercising reasonable care. During the evening when the Plaintiff entered the gaming area, a bank of slot machines was being disassembled for servicing by two employees of the defendant. The area containing the slot machines, component parts of the machines, and tools, was roped off by a protective barrier consisting of stanchions connected by straps/ropes of the type commonly used for crowd control. The video recording demonstrated that all of the parts and tools were within the roped off area. It also shows groups of patrons and waitresses moving by this roped off area without difficulty. As the plaintiff approached the area of the slot machines, his view of the stanchions, straps, parts, and tools is completely unobstructed. The plaintiff testified that as he approached the area he observed a rope, components on the floor, and a technician working on a slot machine. As another patron rose from his seat at a nearby gaming table, the plaintiff, without looking back, backed into the strap/stanchion barrier and fell backward striking the back of his head on the table upon which the slot machines sit. It is not clear that the plaintiff tripped over slot machine parts as he alleged in his complaint; in any event, all slot machine parts were within the roped off area. The plaintiff saw the ropes, stanchions, parts, and tools prior to his fall. The ropes and stanchions were in place to keep patrons out of the work area, and the components were behind the ropes and stanchions, facts of which the plaintiff was aware. The area outside the roped-off area provided sufficient room for an individual to pass without the need for the plaintiff to step back.
The slot technician who was working, in the roped off area received on-the-job training in the set up and use of stanchions. The technicians have freedom to decide where the stanchions should be placed and a supervisor will tell them if there is something wrong with the placement.
The Director of Slot Technical Services has experience in slot machine repair and testified that stanchions and ropes are a safer way of protecting work areas than yellow caution tape.
Technicians receive on-the-job training in the use of stanchions and ropes and are instructed in their placement and in providing for the safety of technicians and patrons. All work areas are inspected by *234 the shift manager and the Director. The set up of the stanchions and ropes in this case did not violate any policies, and the room for patrons was adequate.
There are no rules, regulations, or manuals concerning the use of stanchions or training in the use of stanchions, nor are there any industry standards in the use of stanchions or training in the use of stanchions. There are no state laws, federal laws, or OSHA regulations concerning the use of stanchions or training in the use of stanchions.
The plaintiff did not offer any evidence, documents, fact or expert testimony establishing: (1) the existence of any type of formal training in the use of stanchions; (2) the existence of any industry standards concerning the use of stanchions or training in the use of stanchions; or (3) the existence of any state laws, federal laws or OSHA regulations concerning the use of stanchions or mandating training in the use of stanchions.
III.
This action is governed by the Mohegan Torts code, M.T.O. Secs. 3-241 et seq. which provides for a tort remedy for persons, such as the plaintiff who claim damages for injuries allegedly sustained as a result of the negligence of the defendant. See, e.g., Espinosa v. MTGA, 2 G.D.R. 66, 5 Am. Tribal Law 309 (2004). The defendant owes to invitees, including the plaintiff, the duty to exercise reasonable care to keep the premises reasonably safe for reasonably anticipated uses. Ibid.
The Court finds that the defendant did exercise such reasonable care. The plaintiff has not proven that the defendant breached any legal duty which it owed to the plaintiff. There was no evidence of any particular standard of conduct to which the defendant was obliged to conform other than the common law standard for the protection of invitees against unreasonable risk of injury or harm. On the facts here, the defendant conformed to the standard of conduct of a reasonable person under similar circumstances. The defendant properly trained its employees and properly inspected the area. It did not create or maintain or fail to discover any defective or dangerous condition. It used reasonable care to keep the premises reasonably safe. It properly warned the plaintiff, by the placement of the barrier, of the condition surrounding the slot machines. It did not allow any defective or dangerous condition to continue.
The plaintiffs eomplaint alleged that the defendant was required to “ensure” the safety of the plaintiff. (Complaint paras. 5a. and 5b.). But, “in cases involving negligence, one is not an insurer or guarantor. Thus it was held that a proprietor of a theater does not guarantee the safety of the seats, but must take reasonable precautions to see that the seats are in a reasonably safe condition.” Wright and Fitzgerald, Connecticut Law of Torts (Sec. 30), citing Glynn v. Lyceum Theater, Co., 87 Conn. 237, 87 A. 796 (1913).
Based on the foregoing, the Court concludes that the plaintiff has failed in his burden of proving that his injuries were caused by any negligence of the defendant. It is therefore not necessary to determine whether any injuries or damages sustained by the plaintiff were caused by his own negligence and/or carelessness as alleged by the defendant.
Judgment shall enter for the defendant.