*William H. Henderson* for appellant.

*Frank W. Stevens* for respondents.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

George Taylor, Respondent, *v.* The City of Brooklyn, Appellant.

(Argued December 7, 1887; decided January 17, 1888.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 23, 1884, which modified and affirmed, as modified, a judgment of Special Term.

*Almet F. Jenks* for appellant.

*Joshua M. Van Cott* for respondent.

Agree to reverse order of General Term and to affirm that of Special Term on authority of *Genet* v. *City of Brooklyn* (99 N. Y. 290).
All concur.
Ordered accordingly.

Andrew J. Thomas, Appellant, *v.* George L. Kingsland et al., Respondents.

*It seems* that a covenant in a lease on the part of the lessor, "to put and keep" the roof of a building on the demised premises in good repair does not imply that the roof was out of repair to the knowledge of the lessor at the time of the execution of the lease, and, in the absence of evidence showing that such was the fact, an action for breach of the covenant is not maintainable until after notice of a defect has been given by the lessee.

(Argued December 8, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made January 25, 1884, which affirmed a judgment in favor of defendants entered upon a verdict.

The following is the opinion in full :

" The covenant of the landlords was, 'to put and keep' the roof of the leased premises in good repair and this action was brought to recover damages for an alleged breach of that condition. The specific inquiry was submitted to the jury whether the defendants failed to repair the roof in question within a reasonable time after notice that repairs were needed, and the jury answered, 'they did not fail,' and rendered a general verdict for the defendants. The plaintiff now argues that, notwithstanding that finding, there should have been a recovery, because early in the tenancy and before any notice of a leak was given the roof was out of repair and the agreement to *put* it in repair as well as keep it so was a confession that it was out of order to the knowledge of the landlords and so no notice was necessary. The contention is inconsistent with the ground taken at the trial. At the close of the charge of the court and before taking the final exceptions to it, the defendants' counsel said : ' Your honor charged that the defendants were not liable on their covenant to put and keep the roof in repair unless notice was first given them to repair it and they failed to do so after such notice. I now ask your honor to charge that if the jury find that the plaintiff once notified the defendants that the roof was out of repair and leaking, it was their duty to *put* it in good repair and keep it in that condition during the entire time of the lease thereafter without further notice.' That request conceded the necessity of notice to make it defendants' duty to '*put*' the roof in repair, and was inconsistent with the position now sought to be maintained. The exceptions afterward taken to the charge must be assumed to have been taken in harmony with the request especially as they suggest nothing to the contrary. But beyond this difficulty there is another. The covenant must have a natural and reasonable interpretation, and I do not think the

phrase 'put and keep in repair' necessarily implies that the roof was out of repair to the knowledge of the landlords. The term began May 1, 1879. A new roof had been put on the premises the year before. There is no proof that it had leaked or manifested defects up to the date of the tenancy. The first claim of damages in plaintiff's bill of particulars was under date of October, 1879, or about six months after the commencement of the term. The defects complained of were such as could not easily be discovered and might not be suspected until made manifest by rain or snow. The tenant in possession could thereby discover and locate them while the landlord remained in ignorance. Under such circumstances we do not think the appellant's proposition is sound. Fairness requires that unless the facts disclose a faulty roof known to the landlord, or at least which he ought to have known, that defects occurring should be brought to his notice by the tenant.

"We think, therefore, no error was committed, and the judgment should be affirmed, with costs."

*James Flynn* for appellant.

*John A. Taylor* for respondents.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.

---

THE METHODIST EPISCOPAL CHURCH HOME, Appellant, *v.* WILLIAM N. THOMPSON, Respondent.

*It seems* that to maintain an action brought by the vendee to recover back a payment of purchase-money made upon a contract for the sale of real estate on the ground of defect of title, it is not necessary to show that the title is absolutely bad. A reasonable doubt as to the vendor's title, such as to affect the value of the property and to interfere with a sale thereof to a reasonable purchaser, is sufficient.

This rule applies as well in such case as where the vendor sues for specific performance.