(3 Misc. Rep. 406.)

REINER v. JONES.

(Superior Court of New York City, General Term.    May 1, 1893.)

ACTION FOR RENT—PLEADING—BILL OF PARTICULARS.

In an action for rent of premises leased from May 1, 1892, where defendant pleads a covenant to keep the roof in repair, and, as a breach, that between January 1, 1892, and the commencement of the action, the roof leaked, and damaged his goods, and also plaintiff's failure to repair the defect after notice, plaintiff, on motion, is entitled to a bill of particulars, showing the dates on which the damage was done, and that on which notice of the defect was given, since, in such case, time is an important element.

Appeal from special term.

Action by Emma Reiner against Robert Owen Jones for rent. From an order made at special term, denying motion for bill of particulars of defendant's counterclaim, plaintiff appeals. Modified.

Argued before SEDGWICK, C. J., and McADAM, J.

Adams & Hyde, for appellant.
Jeroloman & Arrowsmith, for respondent.

McADAM, J. The action is for rent of premises, 272 Eighth avenue, demised for three years from May 1, 1892. The defendant pleads that the lease contained a covenant on the part of the landlord to keep the roof in good repair during the term, and, as breach thereof, that between the 1st of January, 1892, and the present time, (December 8, 1892,) the roof leaked, and in consequence the defendant's goods were damaged to the extent of $538.18, for which sum the defendant demands judgment. The answer also alleges notice to the landlord of the defect in the roof, and a request that it be put in proper order, and the failure of the landlord to observe such notice, or his covenant to keep in order, as aforesaid. The plaintiff moved for a bill of particulars of the alleged counterclaim, and, on the hearing of the motion, items of the damages claimed were furnished by the defendant, and these answer all requirements in that regard. The plaintiff desired further information, to wit, a statement of the particular days upon which the damage was caused, and the date upon which notice of the defective condition of the roof was given to the plaintiff. This portion of the plaintiff's motion was refused, and the denial thereof is before us for review. We are of the opinion that the additional information required ought to have been given. Time is sometimes an important element

in a cause of action or counterclaim, and should, as a rule, be alleged with reasonable certainty. The term commenced May 1, 1892, and the alleged damages are said to have commenced in the previous January. Clearly, no liability could attach on the covenant in question until May 1, 1892, when the lease became operative. Next, the time when notice was given of the defect is material, because no liability attached to the landlord for breach of his covenant until after knowledge or notice of the defect complained of. Thomas v. Kingsland, 108 N. Y. 616, 14 N. E. Rep. 807. This information was necessary to enable the plaintiff to prepare to meet the counterclaim, and avoid surprise at the trial. A bill of particulars is a mere amplification of the pleading of the party, and where it omits to state with proper particularity the time at which important events occur, and these form an essential part of the cause of action or counterclaim, the pleader may be required to make his pleading more definite and certain in that regard, (Code, § 546; Bliss, Code Pl. §§ 282, 283; Gould, Pl. § 63; People v. Ryder, 12 N. Y. 433,) or be compelled to furnish a bill of particulars in aid of the objectionable pleading,—a course frequently adopted, (People v. Nolan, 10 Abb. N. C., at page 477. The order appealed from will be modified in the respects aforesaid, and, as modified, affirmed, without costs.

SEDGWICK, C. J. I concur; limiting, however, to this case, the rule given as to requiring time to be stated in a bill of particulars.