McAdam, J.
The action is for rent of premises 272 Eighth avenue, demised for three years from May 1, 1892. The defendant pleads that the lease contained a covenant on the part of the landlord to keep the roof in good repair during the term, and as breach thereof, that between the first of January, 1892, and the present time, December 8, 1892, the roof leaked and in consequence the defendant’s goods were damaged to the extent of $538.-18, for which sum the defendant demands judgment. The answer also alleges notice to the landlord of the defect in the roof and a request that it be put in proper order, and the failure of the landlord to observe such notice or his covenant to keep in order as aforesaid. The plaintiff moved for a bill of particulars of the alleged counterclaim, and on the hearing of the motion items of the damages claimed were furnished by the defendant and these answer all requirements in that regard.
The plaintiff desired further information, to wit: A statement of the particular days upon which the damage was caused, and the date upon which notice of the defective condition of the roof was given to the plaintiff. This portion of the plaintiff’s motion *330 was refused, and the denial thereof is before us for review. We are of the opinion that the additional information required ought to have been given. Time is sometimes an important element in a cause of action or counterclaim and should, as a rule, be alleged with reasonable certainty. The term commenced May 1, 1892, and the alleged damages are said to have commenced in the previous January. Clearly no liability coulduattaeh on the covenant in question until May 1, 1892, when the lease became operative. Next, the time when notice was given of the defect is material, because no liability attached to the landlord for breach of his covenant until after knowledge or notice of the defect complained of. Thomas v. Kingsland, 108 N. Y., 616; 12 St. Rep., 800. This information was necessary to enable the plaintiff to prepare to meet the counterclaim and avoid surprise at the trial. A bill of particulars is a mere amplification of the pleading of the party, and where it omits to state with proper particularity the time which important events occur and these form an essential part of the cause of action or counterclaim, the pleader may be required to make his pleading more definite and certain in that regard, Code, § 546; Bliss on Code, PL, §§ 282, 283, Gould’s PL, § 63; People v. Ryder, 12 N. Y., 433, or be compelled to furnish a bill of particulars in aid of the objectionable pleading, a course frequently adopted. People v. Nolan, 10 Abb. N. C., 477. The order appealed from will be modified in the respects aforesaid, and as modified affirmed, without costs.
Sedgwick, Ch. J.—I concur, limiting, however, to this case the rule given as to requiring time to be stated in a bill of particulars.