# Louisville & Nashville Railroad Company v. Johnson.

*Action of Assumpsit.*

1. *Action upon a voucher issued by a railroad company; when assumpsit can not be maintained.*—Where a railroad company, for the purpose of settling a debt, prepared a statement of the claim in the form of an approved account, having thereon a receipt in blank, together with a statement that when

[Louisville & Nashville Railroad Company v. Johnson.]

said voucher is properly signed, it becomes a draft without exchange on the treasurer of the company, and this paper is sent to the creditor in whose favor it is drawn, and one pretending to have authority to represent said creditor, but who was without such authority, assigned the receipt attached to said statement in the name of the creditor, and obtained money thereon from the person to whom it was assigned, and the assignee subsequently deposited such voucher in the bank, by which bank the amount of the voucher was collected from the railroad company, such railroad company, upon discovering the forgery of the voucher, can not maintain an action of assumpsit against the person to whom it was originally assigned by the person representing himself as the agent of the original creditor of the railroad company; it not being shown that there existed between the railroad company and such person to whom the voucher was originally assigned, a privity of contract created by express promise or by implication of law.

2. *Pleading and practice; when judgment will not be reversed for errors committed in admission of evidence.*—When on an appeal from a judgment in favor of a defendant in a civil action, it appears that the defendant was, upon the facts adduced upon the trial, entitled to the general affirmative charge in his behalf, errors committed by the trial court in the admission and rejection of evidence, will not warrant a reversal of such judgment, since in such case, the errors are without injury to the appellant.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellant, the Louisville & Nashville Railroad Company, against the appellee, J. J. Johnson, to recover $137.42. The complaint contained the common counts.

The cause was tried upon the issue joined upon the pleas of the general issue. The facts of the case are sufficiently shown in the opinion.

There were several rulings of the trial court upon the evidence to which exceptions were reserved, but under the opinion on the present appeal it is unnecessary to set out the facts relating to these rulings.

Upon the introduction of all the evidence the court, at the request of the defendant, gave the general affirm-

ative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. & CHAS. P. JONES and ALEX C. BIRCH, for appellant, cited 1 Brick. Dig. 140, § 72; *Bank v. Parrish,* 20 Ala. 433; *Wilson v. Sergeant,* 12 Ala. 778; *Knox v. Abercrombie,* 11 Ala. 977; *Houston v. Frazer,* 8 Ala. 81; *Thompson v. Merriman,* 15 Ala. 166; *Hitchcock v. Luscens,* 8 Port. 333; *Huckabee v. May,* 14 Ala. 263; *Stewart v. Conner,* 9 Ala. 803; *Cameron v. Clarke,* 11 Ala. 259; *Hill v. Kennedy,* 32 Ala. 523.

MULKEY & MULKEY and P. N. HICKMAN, *contra.*—The appellee received the voucher in question through the usual course of business, without notice of the want of authority on the part of Watson to receipt for its payment, and having paid vaule therefor, will be protected as against the plaintiff in an action for money had and received, or on account.—*Commercial & Farmers' Nat. Bk. v. First Nat. Bk.,* 30 Md. 11; s. c. 96 Am. Dec. 554; *Bank of St. Albans v. Farmers & Merchants' Bk.,* 10 Vt. 141; s. c. 33 Am. Dec. 188; *Bernheimer v. Marshall,* 2 Minn. 78; s. c. 72 Am. Dec. 79; *First Nat. Bk. of Quincy v. Ricker,* 71 Ill. 439; s. c. 22 Am. Rep. 104; *United States Bk. v. Bk. of Georgia,* 10 Wheaton 333.

SHARPE, J.—This suit depends on facts which are undisputed. The plaintiff for the purpose of settling a debt it owed to the Converse Bridge Company, prepared a statement of the claim in the form of an approved account having thereon a form of receipt in blank together with a statement that "This voucher when properly signed becomes a draft without exchange on the Treasurer of the Louisville & Nashville Railroad at Louisville, Kentucky." This paper the plaintiff directed through the mail to the Bridge Company, and it came to the hand of one Watson who had been in the

Bridge Company's employ. Watson pretending to have authority to represent the Bridge Company, but lacking such authority, wrote at the end of the receipt "Converse Bridge Co. by J. Watson," and handed the paper to the cashier of defendant's bank, who, acting for the defendant, paid Watson the amount of the claim. The cashier wrote his name as a witness to the signature written by Watson on the receipt, indorsed the paper in the name of the Planters Bank under which name the defendant conducted a private banking business, and sent it to the Citizens National Bank of Pensacola, Florida, wherein the amount of the claim was placed to defendant's credit. The Pensacola bank indorsed the paper, and sent it to the Louisville Banking Company to which the plaintiff by its treasurer paid the amount of the claim on presentation of the paper. Before paying, the plaintiff had no knowledge of Watson's lack of authority to sign the receipt, and it is not shown that the defendant had such knowledge before this suit was brought.

To establish a right of action in assumpsit the plaintiff was under the necessity of proving that there existed between itself and the defendant some privity of contract created by express promise or by implication of law. The authorities cited in briefs bearing on rights and liabilities of parties, to commercial paper are without application. The voucher in question was not a draft in the sense that the term draft is used in the commercial law. It amounted to no more than the plaintiff's written admission of a debt with a direction to its treasurer to pay it after the receipt was signed. Lacking the requisites of commercial paper as to parties and otherwise it was not within the power, even if it was the intention of the plaintiff, to put the writing in circulation as commercial paper by stipulating that it should become a draft when signed. No fraud being imputed to the defendant, his indorsement of the paper has effect only to evidence the assertion on his part of a right to transfer or collect the claim, together with the fact of transfer. Whether in collecting from the plaintiff the Louisville

Banking Company was acting for itself as the supposed transferee of the claim or for the Pensacola bank is not clearly shown, but there is no evidence from which it can be inferred that it was acting for or on behalf of the defendant or that the plaintiff's money was paid, received or used for the defendant's benefit. The contrary inference would seem to arise from the fact that the Pensacola bank gave the credit to defendant on receiving the claim which fact being unexplained may only indicate that as between the bank and defendant a sale and transfer of the claim was intended.

If the defendant is liable upon the theory that he sold property to which he had no title, the liability exists in favor of his vendee who may be the Pensacola bank. The plaintiff is not privy to that transaction and its recourse if any would seem to be upon the party who collected from it without authority.

There being no phase of the evidence under which the plaintiff could have recovered, defendant was entitled to the charge given in his favor, and the rulings on evidence even if they resulted in the admission of immaterial evidence were not injurious to the plaintiff and are, therefore, not ground for reversal.—*Hill v. McBryde,* 28 So. Rep. 85; *Glass v. Mayer,* 26 So. Rep. 890.

Let the judgment be affirmed.