# Chambers *v.* Lindsey.

*Damage for Breach of Lease.*

(Decided April 20, 1911.  55 South. 150.)

1. *Landlord and Tenant; Covenant for Repairs; Right to Notice.* —Where a landlord covenants to keep premises in repair, and to make all repairs needed during the term, it is a general rule that notice by the tenant to the landlord of need of repair is necessary to place the landlord in default, for failure to repair.

2. *Same; Pleading; Notice.*—An action for the breach of the covenant to keep premises in repair or for failure to make repair, should charge that notice of the need of repair was given, or that the landlord had knowledge thereof, and failed within a reasonable time to make repairs; hence, a complaint alleging that the defect arose after the lessor had assigned to defendant but which does not aver a failure to repair within a reasonable time after notice, is subject to demurrer.

3. *Same.*—Where a lease contains a covenant to put the premises in repair as soon as the work can be done, and the lease is assigned by the landlord, a complaint in an action against the assignee of the lease for breach of covenant to put in repair which fails to negative any breach of this covenant before the assignment, is subject to demurrer, since there can be only one breach of the covenant, and where that occurs while the reversion is in the original lessor, the covenant cannot be enforced against the grantee of the reversion.

4. *Same; Rights and Liabilities of Assignee and Sub-tenant.*—The benefit of a landlord's covenant to keep the premises in repair, prior to breach, runs with the term, and may be enforced by the assignee of the leasehold estate; and the burden of the landlord's covenant to repair runs with the reversion, and may be enforced against the grantee of the reversion.

5. *Same; Pleading and Evidence.*—Where a lease contains a covenant to put premises in repair and to keep in repair the premises, the covenant to keep in repair is dependent on a compliance with the covenant to put in repair; and where the complaint by the lessee is against an assignee of the reversion for failure to keep in repair,

[Chambers v. Lindsey.]

and rests liability on an averment that the preliminary repairs had been made, but the undisputed evidence is that the premises had never been put in repair, there is such a variance as entitles the defendant to the affirmative charge.

6. *Appeal and Error; Harmless Error; Grounds of Decision.*— Where the defendant on the evidence and pleading was · entitled to the general charge any error in the rulings of the trial court on special instructions or the admission or rejection of evidence is harmless, and will not be reviewed on appeal by the plaintiff.

APPEAL from Mobile and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by James G. Chambers against Martin Lindsey. judgment for the defendant, and plaintiff appeals. Affirmed.

The first count of the complaint is as follows: "Plaintiff claims of defendant $2,500 as damages, for that heretofore, on, to wit, one H. R. Wagar, who was the owner of the building situated on the southeast corner of Water and Conti streets, in the city of Mobile, state of Alabama, known as the Southern Hotel, leased said building to Thomas P. Norville, and the plaintiff, then partners under the firm name and style of Norville & Chambers, for a period of seven years from the 1st day of December, 1906, at the monthly rental of $450, and by one of the terms of said lease the said H. R. Wager bound himself to keep the roof of said building in good condition. The said Norville & Chambers rented said property for the purpose of using the same as a hotel, and said property has ever since been so used. After said property had been so leased, the said Norville transferred and assigned his interests in said lease to the plaintiff, and the defendant, with knowledge of the use to which said property was devoted by the tenant, purchased said property, subject to said lease from the said H. R. Wagar, and as owner of said property defendant demanded and received from plaintiff rent under said lease, and after the defendant had so purchased said property, and had

so demanded and received rent from the premises under said lease, to wit, in the month of March, 1909, the roof of said building became in bad condition and leaked, which rendered a large portion of said building unfit for use, and defendant failed and refused to put said roof in good condition, though requested by the plaintiff so to do, all to plaintiff's damage as aforesaid."

Demurrers were interposed and sustained, and the count was amended by striking therefrom the words, "And defendant failed and refused to put said roof in good condition, though requested by the plaintiff so to do, all to the plaintiff's damage as aforesaid, and by inserting in lieu thereof the following: "And plaintiff further avers that plaintiff gave the defendant notice that said roof was in a bad and leaky condition, and requested the defendant to put the roof in good condition, and defendant failed to put said roof in good condition. to the great damage of plaintiff in, to wit, the sum of $2,500." Wherefore he sues.

The complaint was also amended by adding the second count as follows: Plaintiff claims of defendant $2,500 damages for the breach of a contract which was entered into between H. R. Wagar, Thomas P. Norville, and the plaintiff on the 1st day of December, 1908, which was in words and figures as follows: '[Here follows the contract, the only material part of which is as follows:] The roof of the building is not now in good repair, and some of the rooms of the building have been damaged by the storm, which occurred on the 26th day of Sept., 1906, and by reason of the defective condition of the roof at and subsequent to said storm, the said Wagar hereby agrees and binds himself to cause said roof and the rooms damaged as aforesaid to be put in good condition as soon as he can have the work done, and should any further damage to the interior of the building be done by

reason of the defective condition of the roof, the said Wagar will have the same properly repaired. After said-repairs have been done as aforesaid, the said Wagar shall keep the roof of said building and exterior of said building in good and proper condition, including the keeping of the exterior of said building reasonably well painted,.and will cause to be repaired any damages that may from time to time be done to the interior of the building by any failure on his part to keep said roof and exterior of said building in good condition. Subject to the repairs to be made by said Wagar as aforesaid, the said Norville & Chambers hereby bind themselves to keep the interior of said building in good repair during the term of this lease," etc. And plaintiff avers that at the time of the execution of said contract the said Wagar was the owner of the property therein described and leased, known as the Southern Hotel, and the said Norville and plaintiff were partners under the firm name of Norville & Chambers, and the said Norville transferred and assigned his interest in said lease to the plaintiff; and defendant with knowledge of the use to which said property was devoted by plaintiff, purchased said property subject to said lease from Wagar, and as the owner of said property the defendant demanded and received from the plaintiff the rent under said lease. And the plaintiff avers that although he has complied with all the provisions of the lease on his part, and although the defendant collected rents under said lease, he has wholly failed to comply with the following provisious thereof, that is to say: That after the pre· liminary repairs provided for by said lease had been done, the defendant wholly failed to keep the roof of said building in a good and proper condition, all to the great damage of the plaintiff in the sum of $2,500."

Demurrers were sustained to both these counts, and both counts were amended. The amendment to the first count consisted in setting out the terms of the lease as appears above, and adding the following: "And plaintiff avers that the said Norville & Chambers rented the said property for the purpose of using the same as a hotel, and said property has ever since been so used. After the said property had been so leased, and on. to wit, the 5th day of May, 1908, said Thomas P. Norville, with the consent of the plaintiff, transferred in turn, on, to wit, the 21st day of September, 1908, and assigned said interest in said lease to the plaintiff, so that the plaintiff became the sole lessee of said building under said contract; and the defendant, with knowledge of the use to which said property was devoted by the tenants, purchased said property subject to said lease from the said H. R. Wagar, and as the owner of said property the defendant demanded and received from the plaintiff rents under said lease, and after the defendant had so purchased under said lease, and had received rent from the plaintiff under said lease, to wit, in the month of March, 1909, the roof of said building became in bad condition and leaked, which rendered a large portion of said building unfit for use, and the defendant failed and refused to put roof in good condition, although requested by the plaintiff to do so, all to the plaintiff's damage as aforesaid." The second count was also amended, but there were no demurrers sustained to the third count. It is not deemed necessary to set it out.

The following are grounds of demurrer to the first count: (1) No sufficient facts are averred to show that plaintiff notified defendant that said roof was in a bad condition, and the defendant failed to repair and put said roof in good condition within reasonable time after said notice. (2) It does not appear with sufficient cer-

tainty that the breach of the covenant or agreement complained of occurred subsequent to the time defendant purchased the property mentioned in the said complaint from the said H. R. Wagar. (3) It affirmatively appears from said count of said complaint that, at the time the said Wagar entered into said contract with the plaintiff and said Norville, the roof of said building was not in good repair, but was in a defective condition, and that by said contract the said Wagar bound himself to remedy said defect and put said roof in good condition, and no sufficient facts are averred to show that said Wagar ever complied with this provision of said contract."

GREGORY L. & H. T. SMITH, for appellant. Notice to repair was not necessary under the lease in question. When a landlord covenants to repair a building when necessary he is entitled to notice that the premises is out of repair and a reasonable time within which to put them in repair, but the stipulation in this case is that the landlord should keep the property in repair, and amounts to a guarantee on the part of the landlord that he shall keep the property in repair at all times.—1 B. & A. Rep. 585; *Miller v. McCardell,* 38 Ata. 445; *Philadelphia v. Hestonville,* 35 Aal. 718. It is, therefore, submitted that the court erred in sustaining demurrers to the 1st count. In any event the second count sufficiently alleges notice of want of repair and failure to repair. If there is a requisite privity of estate a covenant which is connected with the estate conveyed will, even though it imposes a burden, run with the land as freely as if it conferred a benefit.—11 Cyc. 1089, 1090. The assignment of a reversion is sufficient to create the relation of landlord and tenant even though the tenant does not attorn.—24 Cyc. 890. The relation

of landlord and tenant is one of the most common forms of privity.—*Gilmer v. M. & M. R. R. Co.* 79 Ala. 574, The relation of grantor and grantee is still more common.—1 Cyc. 1003; 6 Words & Phrases, 5606. The burden of the landlord's covenant to repair runs with the reversion and is enforcible against the grantee of the reversion.—115 Io. 263; 3 Denio. 284; 18 A. & E. Enc. of Law 232-3; 24 Cyc. 926-7 and 1086. The covenant of the landlord to keep in repair will run to the assignee of a lease.—24 Cyc. 1086; 6 Cowan 302; Nos. 6887, Fed. Cases. Where a witness has deposed as to the correctness of facts stated in a memorandum, the memoranda becomes admissible to aid the jury in recollecting the testimony.—*Foster v. Smith,* 104 Ala. 248 ;*Hirschfelder v. Levy,* 69 Ala. 351; *Mooney v. Hughes,* 84 Ala. 81; Proof of the existence of certain conditions at a given time raises a persumpton of its continuance in the absence of evidence to the contrary.—*Gardner v. Green,* 8 Ala. 96 ;*Powell v Knox,* 16 Ala. 307; *Murdock v. The State,* 68 Ala. 567; *Hollingsworth v. Walker,* 98 Ala. 546. Counsel discuss the other assignments of error relative to the admission and rejection of evidence and a refusal to give certain charges, and cite authority in support thereof, but in view of the opinion, it is not deemed necessary to here set them out.

FITTS & LEIGH, for appellee. Where there is an agreement to put the premises in repair and to keep the premises in repair during the term, a notice by a tenant to the landlord of the need of repair is necessary to place the landlord in default.—18 A. & E. Enc. of Law, 229. After notice it becomes the duty of the landlord to make the necessary repairs within the usual time.— 24 Cyc. 1093; 76 Cal. 173; 67 Mich. 336; 9 Mo. App. 309; 108 N. Y. 616; 27 Md. 14; 33 N. J. L. 240; 82 N. E.

[Chambers v. Lindsey.]

708; 156 Mass. 329; 52 N. E. 1066; 74 N. E. 336. The complaint did not contain a sufficient allegation of notice of need of repair.—*Huff v. Cambell*, I Stew. 543; 29 Cyc. 1125; 14 A. & E. Enc. P. & P. 1071; *Lawson v. Towsend*, 2 Ala. 373; *Continental J. Co. v Pugh*, 53 South. 324. An assignee cannot maintain an action for a breach which has accrued before the assignment.—11 Cyc. 1097; 8 A. & E. Enc. of Law, 155; *Prestwood v. McGowan*, 128 Ala. 267; *Pinckard v. A. F. L. & M. Co.* 143 Ala. 568; 5 Enc. P. & P. 355. Neither of the counts show that Lindsey was the owner of the lease at the time of the breach complained of. Counsel discuss assignment of error relative to the admission and rejection of evidence and the charges refused, and insist that if there was error, it was without injury, and will not be reviewed on plaintiff's appeal, it appearing conclusively that on all the pleadings and the evidence, the defendant was entitled to the general charge.

ANDERSON, J.—"Where the agreement is to keep the premises in repair, or to make all necessary repairs during the term, a notice by the tenant to the landlord of the need of repairs is, as a general rule, necessary to place the landlord in default for not repairing." *Tyson v. Weil*, 169 Ala. 558, 53 South. 912; 18 Am. & Eng. Ency. of Law, 229 *Manchester Warehouse Co. v. Carr* (Eng.) 5 C. P. .D. 507; *Sieber v. Blanc.* 76 Cal. 173, 18 Pac. 260 *Marley v. Wheelwright*, 172 Mass. 530, 52 N. E. 1066; *Gerzebek v. Lord*, 33 N. J. Yaw, 240; *Thomas v. Kingsland*, 108 N. Y. 616, 14 N. E. 807; *Cooke v. England*, 27 Md. 14, 92 Am. Dec. 618. Of course, if the landlord obligated himself to repair defects during the tenancy and had knowledge of same, notice would not be necessary; but in order to charge a breach of the covenant to keep in repair, the complaint should either

charge that notice was given or that the landlord knew of said defect, and failed within a reasonable time thereafter to make the repairs. Count 1, as amended, does charge notice of the condition of the roof, and that the defect arose during the tenancy and after the defendant acquired the property from Wagar, but it does not aver that he failed to repair within a reasonable time after the notice. Non constat, the plaintiff may have sued the defendant immediately after the notice and before he had time to make repairs. The trial court did not err in sustaining the demurrers to count 1.

"The benefit of the landlord's covenant to keep the premises in repair, prior to the breach, runs with the term, and may be enforced by the assignee of the leasehold estate. And the burden of the landlord's covenant to repair runs with the reversion, and is enforceable against the grantee of the reversion. As regards a covenant by the landlord to put the premises in repair, there can be only one breach; and, where that occurs while the original lessor is the owner of the reversion, the covenant cannot be enforced against the grantee of the reversion." 18 Am. & Eng. Ency. of Law, 232; Gerzebek v. Lord, 33 N. J. Law, 240; Cowart v. Gregory, 12 Jurist (N. S.) ' p. 1000.

The lease in question contains two covenants, one to put in repair as soon as the work can be done, and the other covenant is continuous in character, and requires that the premises be kept in repair after being put in good condition, and is therefore dependent upon a compliance, by the lessor, with the first covenant to put in a good condition, and unless the defendant bought the hotel from Wagar, before a breach of the first covenant, it did not run with the term, and as the complaint does not aver that this covenant had not been breached when the defendant acquired the property from Wagar, it

[Chambers v. Lindsey.]

does not show that this defendant is liable for a breach of same.

The second covenant, however, is continuous in its character and runs with the land, and could be enforced as against this defendant as to all breaches occurring after he bought the hotel property; but a breach of the second covenant as to the roof was dependent upon a compliance with the first covenant to put in good condition, as the second covenant requires that the roof be kept in repair after the preliminary repairs are made. Indeed, counsel for the plaintiff framed the second count under this theory and seek to recover for a breach of the second covenant to keep in repair by averring that the defects arose "after the preliminary repairs provided by said lease had been done." The second count, before amendment, failed to aver notice of the defects, and, being for a failure to repair defects arising during the tenancy, was subject to the defendant's demurrer, and whether the amendment relieved it of this defect or not we are not called upon to decide, as the demurrer to same as last amended was overruled and said count went to the jury. This count, however, predicated the defendant's breach for failing to remedy the defect in the roof upon the averred fact that the preliminary repairs had been made as provided by said lease. The lease provides that preliminary repairs should put the roof in good condition, and until this was done, there could be no breach as the second covenant required nothing as to keeping in repair, until after the preliminary repairs "have been done as aforesaid."

The plaintiff testified: "The roof has never been put in proper repair. * * * I can't answer when the building first began to leak. It never stopped leaking since I went into it. It leaked when I went into it. * * * The roof was leaking when Mr. Lindsey

bought it. To the best of my recollection, the conditions now prevail that prevailed at the time Mr. Lindsey bought the property from Mr. Wagar." This was the plaintiff's undisputed evidence, as to whether or not the preliminary repairs were made and upon which the defendant was entitled to the general charge, and if there was error in giving or refusing any special charges, it was error without injury. Nor did any of the evidence as to which exceptions were reserved tend to change or contradict this material fact, and the rulings in that respect could have been of no injury to the plaintiff. The result is that the judgment of the law and equity court must be affirmed. *L. & N. R. R. Co. v. Johnson,* 128 Ala. 634, 30 South. 580; *Bailey v. Gary & Kennedy,* 41 South, 672, and cases there cited.

Affirmed.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.