## Travis *v.* Alabama Great So. R. R. Co.

### Injury to Passenger.

(Decided February 1, 1917.   73 South. 983.)

1. **Carriers; Passengers; Injury; Contributory Negligence.**—It is negligent for a passenger to attempt to board a freight box car with no platform and steps, but merely an iron grab-rod and cross bars, in a train moving six miles an hour.

2. **Same; Invitation to Board Moving Train.**—A signal of a brakeman, even if amounting to an invitation to board a moving train, does not save a passenger from being guilty of contributory negligence in attempting to board a freight box car conditioned as the one in this case and part of a moving train going six miles an hour, since prudence would suggest that the invitation be not accepted.

3. **Same; Last Clear Chance; Evidence.**—The last clear chance doctrine does not apply to a passenger attempting to board a moving freight box car notwithstanding when the passenger caught the grab-iron the car gave a snatch, when there was no evidence tending to show that the servant causing the snatch knew of the position of the passenger, or that the flagman who saw him before he attempted to board the car discovered his perilous situation in time to have the person in charge of the train slacken or stop the train before the accident.

4. **Appeal and Error; Harmless Error; Rulings.**—Where, if the rulings had been different the defendant would still have been entitled to a directed verdict, plaintiff cannot complain of such rulings as harmful.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by W. B. Travis against the Alabama Great Southern Railroad Company for damages for injury while an alleged passenger. Judgment for defendant, and plaintiff appeals. Affirmed.

The first count alleged that:

Plaintiff became and was a passenger on one of the trains operated by defendant, and as he was in the act of boarding the same at York, in Sumter county, Ala., he was injured as follows: (Here follows catalogue of injuries.) Plaintiff further avers that his said injuries and damages as aforesaid were proximately caused by the negligence of defendant's servants or agents, in and about the carriage of plaintiff as a passenger, as aforesaid.

Defendant's sixth plea was as follows:

Proximate contributory negligence, in that plaintiff negligently attempted to board or jump on a moving train of defendant, upon a freight car, which had no platform, but was equipped with grabirons and stirrups or small iron steps, when he knew, or ought to have known, that to catch said grabiron and so attempt to board said train would likely or probably cause injury to him.

PERDUE & DRAKE for appellant.  A. G. & E. D. SMITH for appellee.

ANDERSON, C. J.—The complaint consisted of two counts, but the general charge was given as to count 2, and as to which the appellant does not complaint. Therefore we are concerned only with the points made by the appellant against the rulings of the trial court, in so far as they may relate to count 1, a simple negligence count.

(1) It is doubtful if any negligence was shown on the part of this defendant, but we may concede that there was, merely for the purpose of deciding this case, yet said negligence, if any there was, did not proximately cause the plaintiff's injury, as the undisputed evidence shows that his injury was proximately caused by his own intervening act in negligently attempting to board a freight box car when the train was moving at a dangerous rate of speed. In other words, the trial court could have well given the general charge in favor of the defendant because of the establishment of its special plea 6 beyond dispute and as to which the plaintiff withdrew his demurrer. This court has several times held that it was a question for the jury as to whether or not a party was guilty of negligence in alighting from a moving train or street car under the facts therein disclosed.— *Birmingham Ry. Co. v. Dickerson,* 154 Ala. 523, 45 South. 659,

and cases there cited. On the other hand, it has been held to have been negligence as a matter of law for the plaintiff to have alighted from moving trains under the circumstances and conditions as set forth in other cases.—*Hunter v. L. & N. R. R.*, 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. C.) 848; *Birmingham Ry. Co. v. Glover*, 142 Ala. 492, 38 South. 836. Most of these cases, however, involved alighting from passenger coaches or street cars with platforms, handrails, and low steps, and do not relate to attempts to board a moving box car, with no platform and steps and which merely had an iron grabrod and steps or crossbars going from near the bottom of the box car to the top. The proof, in the case at bar, shows that the car upon which the plaintiff sought to get was a box car, fourth from the engine, and was not the caboose or the car which was transporting his fruit, and the minimum rate of speed at which the train was going was six miles per hour with an increase of speed as the train proceeded. We think that the facts in this case produce a stronger case of contributory negligence than those presented in the *Hunter Case, supra,* and that the defendant proved its sixth plea as matter of law, and the trial court could have well given the general charge for the defendant.

(2) Nor do we think that the signal of the brakeman, which meant that the train was leaving the station, amounted to an invitation to the plaintiff to attempt to board the said train; but, if such was the case, prudence would have suggested a non-acceptance of the invitation, as the facts in this case differentiate it from that line of cases where a passenger has the right to rely upon the invitation of trainmen to alight.—*Hunter v. Cooperstown R. R.*, 126 N. Y. 18, 26 N. E. 958, 12 L. R. A. 429.

(3) We do not think that there was any proof of negligence on the part of the defendant's servants, subsequent to the negligent act of the plaintiff in attempting to board the train. The plaintiff testified that the car gave a snatch when he caught the grabiron on the car, but this may have been but an ordinary incident to the movement of the freight train, and there is no evidence whatever that the servant of the defendant who caused the car to move or "snatch" knew that the plaintiff had hold of the grabiron or was attempting to board the car. It is true, the flagman saw him before attempting to board the car, but there is no proof that the flagman discovered him in a perilous position in time to avert the injury by having the person in charge

[Beiser v. Sov. Camp W. O. W.]

of the movement of the train to slacken or stop the same before injuring the plaintiff.

(4) As the defendant was entitled to the general charge upon that phase of the case heretofore discussed, and the rulings complained of could not have altered the result even if the rulings had been otherwise, the errors complained of, if any there were, were without injury.—*Chambers v. Lindsey,* 171 Ala. 158, 55 South. 150; *L. & N. R. R. Co. v. Johnson,* 128 Ala. 634, 30 South. 580; *Bailey v. Gary & Kennedy Co.,* 148 Ala. 667, 41 South. 672.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.