(124 So. 901)

**TERRY REALTY CO. v. MARTIN et al.**

(6 Div. 324.)

Supreme Court of Alabama.   Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

283

McEniry & McEniry, of Bessemer, for appellant.

Huey & Welch and W. G. Stone, all of Bessemer, for appellees.

BROWN, J. (after stating the facts as above). ■■ To authorize a recovery on the quantum meruit, under the common counts, it was incumbent on the plaintiff, not only to show services rendered at defendants' instance, but the reasonable value of such services; and to recover on the common counts for services rendered under a special contract fixing the price of the services, plaintiff must show that he has fully performed the contract, leaving nothing to be done except the payment of the price by the defendant. Jonas v. King, 81 Ala. 285, 1 So. 591.

284

■ The plaintiff, under the special contract, engaged to make and put through a sale of the property in the face of a stipulation that a guardian for the minors interested would have to be appointed and a contract of sale entered into by the guardian and the adults, which was to be reported to the probate court and confirmed; and when this was done the defendant engaged to pay the stipulated commission of $500. The evidence fails to show full performance of the contract by plaintiff; therefore the affirmative charge precluding a recovery on the common counts was properly given.

■ The contract of employment between the defendants and the Terry-Murrah Realty Company clearly contemplates that there should be a completed sale of the property as the condition upon which the commission was payable. In fact the engagement of the defendants to pay the commission was: "If a sale is made and put through as authorized by law," and contemplated that such sale would carry the interest of the minors, with the approval of the probate court, and it was essential to the finality and completeness of such contract that all the parties interested should be legally bound. Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A. L. R. 1153.

■ In the absence of proof showing that, through the fraud or intermeddling of the defendants, the realty company was prevented from completing the sale, the plaintiff was not entitled to recover and the defendants were due the affirmative charge on the whole case, and if error was committed in respect to special charges given and refused, or in the rulings on the evidence, it was error without injury.

Affirmed.

SAYRE, THOMAS, and FOSTER, JJ., concur.