(130 So. 380)

## WALKER et al. v. DORSETT.

### 6 Div. 581.

Supreme Court of Alabama.

Oct. 16, 1930.

Miller, Graham & Wingo, of Birmingham, for appellants.

624

D. D. Trimble, of Birmingham, for appellee.

BROWN, J.

The plaintiff sues to recover $405 alleged to be due as commissions on the sale of certain real estate for defendants. The second count of the complaint, on which the case was tried, alleges that plaintiff "entered into an agreement with defendants wherein the defendants did employ the plaintiff *to sell* or procure a purchaser [for] the following described property" [describing it]. "The purchase price to be $13,500.00, payable part cash (specific amount to be agreed on later by seller and purchaser) the remainder to be paid by assumption of prior mortgage on said property and as seller and buyer agree and for which service the defendants agreed to pay plaintiff a commission of three per cent. of the purchase price of said property. Plaintiff further avers that he performed his part of said agreement, in that *he did procure a purchaser for said property who was able, willing and ready to purchase* the same upon the terms and conditions set out above and fixed by the defendants, and did purchase the said property from said defendants *upon the conditions* as set out in said agreement between the said plaintiff and defendants, but that the defendants breached said agreement *in that they have failed and refused to pay to the plaintiff his commission of four hundred and five dollars* all to the damage of the plaintiff as aforesaid." (Italics supplied.)

The demurrer to the count, which was overruled, takes the point that the averments as to the terms of the contract between the plaintiff and defendants are equivocal and indefinite, and it does not allege the price for which the property was sold.

■■ The principles of law applicable to contracts where a real estate agent or broker undertakes to make and complete a sale are materially different from the rules applicable to a contract to find and present to the owner a purchaser.

In the first case the agent does not earn his commission until he effects a sale, for the price and on the terms specified in the contract of employment, or is prevented from doing so by the intermeddling of the other party to the contract. Terry Realty Co. v. Martin et al., 220 Ala. 282, 124 So. 901.

In the other case the agent earns his commission when he procures and produces a purchaser to his principal, who is able, ready, and willing to buy at the price. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Dancy et al. v. Baker, 206 Ala. 236, 89 So. 590.

■■ The averments of the count that "defendants did employ the plaintiff to sell or procure a purchaser for the property," etc., are clearly equivocal and would subject the count to an appropriate demurrer; but the ground of demurrer "that the terms of the alleged contract are not set out with sufficient certainty" is too general to meet the requirements of the statute that "no objection can be taken or allowed which is not distinctly stated in the demurrer." Code 1923, § 9479.

■ The breach of the contract alleged is that the defendants "have failed and refused to pay to the plaintiff his commission of four hundred and five dollars," and the demurrer taking the point that the complaint failed to allege the sale price was well taken. Without knowledge of the sale price, the court on demurrer could not say that the defendants' failure to pay the alleged amount constituted a breach of the contract.

■ The evidence offered by the plaintiff tends to show that the parties contemplated a sale for a money consideration over and above the amount of the mortgages on the property; and the evidence offered by the defendants shows that such sale was not effected, but that the transaction involved an exchange of real estate subject to mortgage. There was no evidence that the purchaser Foster was ready, willing, and able to purchase for a money consideration over and above the amount of the incumbrance.

■ Under these tendencies of the evidence it was a question for the jury, whether the trade arrived at was radically different from that originally contemplated by the parties, and, if so, the plaintiff could not recover under his special count 2, the only count left in the complaint. Garnet v. Gunn, 206 Ala. 471, 91 So. 382. The court erred in refusing defendants' charge 10.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.