140 So. 883

### BIRMINGHAM TRUSSVILLE IRON CO. v. ALABAMA TITLE & TRUST CO.

6 Div. 124.

Court of Appeals of Alabama.

Feb. 2, 1932.

Rehearing Denied March 22, 1932.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

John S. Stone, M. L. Harrison, and John S. Stone Jr., all of Birmingham, for appellant.

■ The complaint was framed as the "common counts," for work and labor done, etc.

The plea was the general issue, in short by consent, with leave, etc.

In this situation, the law is as declared by the Supreme Court in the opinion in the case of Terry Realty Co. v. Martin et al., 220 Ala. 282, 124 So. 901, 903, to wit: "To authorize a recovery on the quantum meruit, under the common counts, it was incumbent on the plaintiff [appellee, here], not only to show 'services rendered at defendants' [appellants, here] instance, *but the reasonable value of such services.*" (Italics ours.)

The trial judge charged the jury, orally, in the instant case, as follows, to wit: "And that is the question that is submitted to you, what is the reasonable price to be charged for this large abstract. In determining that question, gentlemen, when the plaintiff shows that there was an amount due and it is unpaid, that shifts the burden on the defendant to show that that amount is not due, or *that it was not a reasonable amount to charge.*" (Italics ours.) Due exception was reserved by appellant.

■ The giving of the charge, as we have quoted, constituted reversible error.

Indeed, appellee all but concedes that it was error, but argues very strenuously that it was error without injury—this on the theory that appellee furnished evidence (which it did) that was *undisputed,* that the amount it sued for, and which it recovered, *was* the *reasonable amount to charge,* or the *reasonable value* of *the services* undeniably rendered.

But we are not persuaded. True, no witness testified, *directly,* that the amount sued for was an *unreasonable* amount to be charged appellant by appellee for the services which were rendered. There was testimony, however, from which the jury would have been authorized to *infer* that the amount was unreasonable.

The burden was on the *plaintiff* to show that its charge was a *reasonable* one; not on the defendant to show that it was *not* a reasonable one.

And but for this part of the oral charge, the jury might—we do not say *would*—have drawn the inference that plaintiff had not discharged the burden of proof resting upon it.

■ We can see no relevancy in the testimony sought by the question put by plaintiff to its witness Adams as to the time, etc., it would take an abstractor, working in methods foreign to those shown by the evidence to have been actually employed, to have done the work appearing to have been performed by appellee. Appellant's objection to this question should have been sustained.

Oliver Henderson, of Birmingham, for appellee.

RICE, J.

This was a suit by appellee against appellant arising out of a controversy between them as to the amount of remuneration due appellee for services rendered in compiling and extending certain abstracts of title pertaining to certain lands of appellant.

It was without dispute that appellee was employed by appellant to do the work; that it did the work; and that it had not been paid for same.

The only thing in dispute was the amount that appellee was entitled to recover, no specific amount having been agreed upon, in advance of the doing of the work in question.

■ Nor does it appear to us material as to the amount of overhead expense, etc., attached to appellee's business, unless, forsooth, it should be shown that *any* establishment doing similar work in the same locality had to have a similar overhead expense. In other words, the question at issue was, "What was the reasonable value of the services performed?" Whether performed by an individual, a corporation with a minimum capital, or a corporation of colossal proportions, employing many hundreds of people, mattered not.

Other questions argued will not likely arise upon another trial.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.