174 So. 495

## SIMS v. CHICHESTER.

### 6 Div. 977.

Supreme Court of Alabama.

March 4, 1937.

Rehearing Denied June 3, 1937.

W. B. Harrison and Henry Upson Sims, both of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

**BROWN, Justice.**

Action of general assumpsit by the appellee against the appellant on account for money due and for work and labor done—common counts.

The subject-matter of the action is commissions alleged to be due Chichester & Co., a partnership composed of the plaintiff, C. H. Chichester, and his brother, the plain-

tiff claiming as the assignee of the partnership on its dissolution.

The pleas were the general issue and special pleas setting up an election to claim from a third person—A. A. Gambill Co., Inc.—and, bad faith in the broker in representing the defendant's adversary in the deal without his consent or knowledge.

At the conclusion of the evidence the defendant requested in writing the affirmative charge.

The view we take of the case renders it unnecessary to treat the special defenses.

The evidence is without dispute, that said Chichester & Co. were engaged in the business of real estate agents and brokers; that Shepherd & Sloss, who owned a two-thirds interest in an equity in certain property in the city of Birmingham, said two-thirds interest being covered by a large mortgage on the whole property, and a second mortgage on the interest of Shepherd & Sloss for $25,000, listed said property with Chichester & Co. for sale or exchange; that one Franke, another real estate broker worked through the office of Chichester & Co. on an arrangement by which he received one-half of all commissions on sales or exchanges which he effected, the other half going to Chichester & Co.

The defendant, according to the undisputed evidence, engaged Franke to sell a mortgage which defendant owned, given by one Denson, of the face value of $65,000, with the agreement to pay him 5 per cent. if he effected a sale for $50,000, or more. Franke made an effort to sell said mortgage, but was unable to find a purchaser, and so advised the defendant. That was the end of that employment. Walker et al. v. Dorsett, 221 Ala. 623, 130 So. 380.

Thereafter, Chichester & Co., through Franke, submitted to the defendant Sims two propositions to sell Sims the equity of Shepherd & Sloss and take in exchange as a part of the purchase price the Denson mortgage, and along with the last proposition submitted to defendant at his request a prospectus of the properties of Shepherd & Sloss, showing the encumbrances and earning quality of the property. While, as the evidence tends to show, Sims considered the last proposition, he declined both.

Some weeks after—a month or six weeks —Sims purchased said equity through A. A. Gambill Co., Inc., with whom said property had been listed, at a price approximately $14,000 less than that offered by Chichester & Co., and gave in exchange the Denson

mortgage and cash. The defendant paid to said last-named broker a commission of $1,400.

There is nothing in the evidence that affords an inference that the defendant engaged either Franke or Chichester & Co. to exchange his mortgage for the equity of Shepherd & Sloss. On the other hand, the evidence is clear to the conclusion that in the effort to make such exchange, Chichester & Co. were representing no one except Shepherd & Sloss. The defendant was therefore due the affirmative charge, and the court erred in its refusal. Terry Realty Co. v. Martin et al., 220 Ala. 282, 124 So. 901. If there was any basis for a claim of commission by Chichester & Co., it was against Shepherd & Sloss, who listed the property with them.

The judgment of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.