54 So.2d 632

**KELTON v. BAKER.**

**6 Div. 987.**

Court of Appeals of Alabama.

Oct. 2, 1951.

Rehearing Denied Oct. 23, 1951.

H. A. Entrekin, Cullman, for appellant.

Bland & Bland, Cullman, for appellee.

HARWOOD, Judge.

This appellant, a real estate broker in Cullman County, was the plaintiff in the suit below. Recovery was sought on the common counts for recovery of a broker's commission for the sale, or procuring of a purchaser, of certain real estate owned by the defendant in Cullman County.

The pleading was in short by consent.

At the conclusion of the evidence, and after both sides had rested, the court gave to the jury the general affirmative charge with hypothesis in favor of the defendant (appellee).

The action of the court in this regard is determinative of this appeal.

In the trial below the plaintiff failed to present any evidence tending to show the reasonable value of the services rendered by him in his attempt to process the sale of the land.

Under the plaintiff's own version he was to receive as his commission any amount above $5,000 paid for the land.

Plaintiff's evidence was directed toward showing that he had procured a prospective purchaser, but that the defendant thereafter dealt directly with this prospect in an effort to cut plaintiff out of any commission on the sale.

The defendant's evidence was directed toward showing that he never entered into any agreement with the plaintiff to sell his land, and that the person to whom the land was sold was not procured through the plaintiff's efforts.

Regardless of this state of the evidence, as we stated above, the plaintiff introduced no evidence tending to establish the reasonable value of any services rendered by him.

To authorize a recovery on the quantum meruit, under the common counts it was incumbent on the plaintiff, not only to show services rendered at defendant's instance, but the reasonable value of such services. Terry Realty Co. v. Martin, 220 Ala. 282, 124 So. 901; Garnet v. Gunn, 206 Ala. 471, 91 So. 382; Birmingham Trussville Iron Co. v. Alabama Title and Trust Co., 25 Ala.App. 58, 140 So. 883, certiorari denied 224 Ala. 523, 140 So. 885.

The plaintiff having failed to introduce any evidence tending to show the reasonable value of services which he alleges he rendered, an essential element to establish

his right of recovery, the lower court was fully justified in giving the affirmative charge with hypothesis in favor of the defendant.

Numerous other points are asserted by appellant as constituting error. However, where a defendant, on the evidence and pleading, is entitled to the general affirmative charge, error, if any, is harmless and without injury, if the rulings complained of could not alter the result even if the rulings had been otherwise. We therefore pretermit consideration of the additional points urged by the appellant as constituting error. Chambers v. Lindsey, 171 Ala. 158, 55 So. 150; Travis v. Alabama Great So. R. R. Co., 199 Ala. 38, 73 So. 983; Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48; First National Bank of Birmingam v. Hendrix, 241 Ala. 675, 4 So.2d 407.

Affirmed.